### Louis Yungman v. The State.

*No. 550.   Decided June 26, 1895.*

1. Statement of Facts—Diligence to Obtain.

Where ten days were allowed, after adjournment, in which to prepare and file a statement of facts, but no effort was made by defendant to procure such statement within the time. Held: That he could not be heard to complain that he had been

unjustly deprived of his right to have the case, on appeal, passed on, in the light of the evidence.

**2.  Same—Practice on Appeal.**

If an appellant uses due diligence to procure the approval of a statement of facts, such statement will be considered on appeal, notwithstanding it was not filed until the expiration of the time allowed in the court below. Following, George v. State, 25 Texas Crim. App., 229.

**3.  Same—Bills of Exception.**

Bills of exception should be full and explicit within themselves as to the matters complained of, in order to entitle them to consideration in the absence of a statement of facts.

**4.  Witness—Leading Question—Harmless Error.**

While it is error for a party to be permitted to ask his witness leading questions, such error becomes harmless, if the facts thus elicited are legally proved by other witnesses.

APPEAL from the District Court of Uvalde. Tried below before Hon. EUGENE ARCHER.

The indictment charged defendant with horse theft in two counts. The first alleged ownership and possession in Walter Taylor. The second alleged ownership and possession in Joseph Taylor. At the trial he was convicted upon the second count, the punishment being assessed at five years imprisonment in the penitentiary.

In view of the disposition made of the case on this appeal no statement of the facts can be made.

*N. W. Parks* and *T. G. Baker*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for theft of a horse. Counsel for appellant (there being no statement of facts in the record) insists that the judgment should be reversed because appellant was deprived of the right to have his case passed upon in the light of the evidence. Under certain circumstances a judgment will be reversed because the appellant has been unjustly deprived of this right; but this will not be done unless appellant has used all reasonable diligence to procure a statement of the facts. In this case ten days were allowed after adjournment in which to procure and have filed a statement; but there were no further efforts made when, from the affidavit of the trial judge, a statement could have been obtained. · If an appellant uses due diligence and procures a statement, it will be considered by this court, notwithstanding it was not filed until after the expiration of the ten days. See George v. State, 25 Texas Crim. App., 229. There are several bills of exceptions in the record. We have critically examined each. They are not sufficiently full and specific to be considered by this court, in the absence of a statement of facts. There was error in permitting the District Attorney to lead the witness Joe Taylor to make the statement that he had actual control, care and management of the horse when taken, but this may have been absolutely proven by other witnesses. We will not discuss the other bills, because, as before

stated, the ruling of the court, when considered in the light of a statement of facts, might, if erroneous, have been harmless. The judgment is affirmed.

*Affirmed.*