### PAUL OLIVUS V. THE STATE.

#### No. 942.   Decided February 8, 1911.

#### Assault to Rape—Statement of Facts—Certiorari—Practice on Appeal.

Under the statute, where the court is in session more than eight weeks, the statement of facts must be filed within thirty days after the final judgment or sentence. If this has not been done, then the record must contain an order extending the time; and where, upon appeal from a conviction of assault with intent to rape, it appeared from the record that the appellant's counsel did not use sufficient diligence in having made up the statement of facts, an application for writ of *certiorari* must be refused. Following George v. State, 25 Texas Crim. App., 229, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Ed Sewell, Special Judge.

Appeal from a conviction of assault with intent to rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Overstreet,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to rape, his punishment being assessed at twenty-five years confinement in the penitentiary.

An appeal is prosecuted, the transcript before us being without a statement of facts or bills of exception. Appellant applies for a writ of certiorari which is supported by the affidavit of his attorney, Mr. Overstreet. This affidavit was sworn to on the 4th of November, 1910. The court adjourned on the first day of October, 1910. The court was in session from the 4th of July, 1910, to the first day of October, 1910, as shown by the caption in the transcript. There was no order entered, so far as the record before us shows, authorizing the filing of a statement of facts in the court below, nor is there any reason shown why the statement of facts was not filed within the thirty days after the sentence was pronounced, which occurred on August 18, 1910. Under the statute, where the court is in session more than eight weeks, the statement of facts must be filed within

thirty days after the final judgment or sentence. If this has not been done, then the record must contain an order extending the time. The record shows that nothing of this character was done or sought to be done. The affidavit of Mr. Overstreet shows that he filed with the clerk of the court an affidavit of appellant's inability to pay for the statement of facts, and requesting, under the statute, that the court order the official stenographer to prepare such statement of facts, and that he at the time urged the stenographer to prepare such record, and that the time has passed when such statement can be legally filed, and that by reason of the refusal of said stenographer to prepare a statement of facts, that his appeal has not been duly and legally perfected. It will be noticed that this affidavit is very general and does not show at what time this request was made, or the affidavit filed. It fails to show that he called upon the district judge or presented the matter to the trial court with a view of obtaining the statement of facts. If these matters had been presented to the district judge, it should be shown to this court that it was through no fault of appellant and that he exhausted his remedies in trying to obtain the statement of facts. A mere recitation of the fact that he filed such affidavit with the clerk, as we understand the law, is not sufficient diligence; even if filed within time, that this matter should be called to the attention of the trial court and the proper order entered requiring said statement of facts to be written out by the stenographer to form a part of the record of the case.

There is an affidavit on this matter signed by the deputy clerk in which he states that there had never been filed with him any affidavit by Paul Olivus declaring his inability to pay the cost of a statement of facts, and that the records of the Criminal District Court of Dallas County fail to show any such affidavit. He further states that the defendant at no time made a motion requesting the judge to order the stenographer to prepare a statement of facts, and that the record fails to show that the judge ever made such order. He further states that he had heard appellant's counsel state that he was not going to appeal the case as it was of no use, defendant having escaped, and he also states that said attorney, in the conversation, mentioned said that he did not want any record made up in the case. In the attitude that the record presents itself to this court we are of opinion that the certiorari should not be awarded. There has been no such diligence shown by the affidavit as is required by the statute. It is the settled law of Texas, under these statutes extending time in which to prepare statement of facts and bills of exception, that a failure to secure either or both should arise from no negligence or want of diligence on the part of the party seeking same. This construction of the statute has been uniformly held since George v. State, 25 Texas Crim. App., 229. The present statutes require that where the court continues for eight weeks or more, the statement of facts must be prepared within thirty days of the sentence or final

judgment, with authority on the part of the court upon proper show-ing to grant further time. Where the court does not last eight weeks, then the law itself allows thirty days after adjournment in which to prepare said statements of facts, and if further time is necessary, it shall be granted upon proper showing to the judge who tried the case, to be entered of record. Without a compliance with these 'stat-utes diligence would be wanting on the part of parties who do not obtain statement of facts. The motion for certiorari was contested by the State, supported by the affidavit of the deputy clerk of the court as heretofore stated.

In the absence of statement of facts and bills of exception, there is no question presented that would require a revision by this court. There being no error of record, the judgment is affirmed.

*Affirmed.*