# NOVEMBER, 1911.

JOHN HENRY PEDDY V. THE STATE.

No. 1312.   Decided June 23, 1911.

Rehearing denied November 1, 1911.

**Local Option—Statement of Facts—Practice on Appeal.**

It is not sufficient to tender fees to the official stenographer and accept his promise that he will make out a statement of facts; a resort to some process of law to compel compliance must be shown. Following Smith v. P. V. & N. Ry. Co., 43 Texas Civ. App., 204.

Appeal from the District Court of Shelby. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Stephenson* and *Hoya Short,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at two years confinement in the penitentiary.

When court adjourned for the term, appellant had thirty days in which to file statement of facts and bills of exception. The stenographer, after an effort on the part of appellant's counsel to secure a statement of facts and bills of exception, failed to make out same during the thirty days. Thereupon appellant's counsel asked an extension of time, which was granted. The extended time expired, and the stenographer failed to furnish the statement of facts. The attorneys of appellant filed an affidavit, which is sent up with the record, setting up these facts, and stating that they offered to pay for the

statement of facts and bills of exception when same were made out and presented, but that the stenographer failed to so make them out. It seems that the extension of time was for sixty days, which allowed them ninety days to secure these papers. The Assistant Attorney-General insists, and cites authorities to support his proposition, that the diligence was not sufficient, under the rule laid down by the Court of Civil Appeals in the case of Smith v. Pecos Valley & Northern Ry. Co., 43 Texas Civ. App., 204. He also cites Young v. Pearman, 125 S. W. Rep., 360. Under the ruling of the Court of Civil Appeals the appellant's diligence was not sufficient.

The facts in the case first cited were somewhat similar in a general way to those set up in the affidavit of appellant's counsel, but the court held the diligence not sufficient, because the party desiring the statement of facts failed to apply to the court for a mandamus or some such proceeding as would compel the stenographer to make out the statement of facts. That it was not sufficient, under the circumstances, to reply upon the promise and tender of fees. That where the stenographer was derelict in duty as contended in the affidavit, it then became the duty of counsel or the party desiring the statement of facts, to resort to such process as would compel the making out of the necessary papers. The affidavit does not meet this requirement, nor is it undertaken to be shown that they applied to the court and that the court refused to have the stenographer make out the statement of facts. Under these authorities we are of opinion the diligence to secure the statement of facts and bills of exception is not sufficient.

Without the statement of facts and bills of exception, there is nothing in the record that requires revision.

As the record is presented we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

[Rehearing denied November 1, 1911.—Reporter.]