# MEMORANDUM DECISIONS

Ex parte BROWN. (Court of Criminal Appeals of Texas. Nov. 15, 1911.) Appeal from District Court, Brown County; John W. Goodwin, Judge. George Brown, after his arrest upon a complaint charging him with murder, sued out a writ of habeas corpus for admission to bail. Bail refused, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. It appears that relator was arrested under complaint charging him with murder. He sued out a writ of habeas corpus before Hon. John W. Goodwin, judge of the Thirty-Fifth judicial district. Evidence was introduced, when relator was remanded to the custody of the sheriff upon order duly entered of record, from which judgment and order he prosecuted an appeal to this court, insisting that the court erred in refusing applicant bail for the reasons therein assigned. We have carefully read the testimony, and do not think the court committed an error in thus ruling. Ex parte Jones, 31 Tex. Cr. R. 422, 20 S. W. 983. Judgment affirmed.

Ex parte EADS. (Court of Criminal Appeals of Texas. Oct. 18, 1911.) Appeal from District Court, Hardeman County; S. P. Huff, Judge. Habeas corpus proceeding by Elbert Eads. From a judgment denying him bail, he appeals. Affirmed. R. E. Taylor and J. L. Lackey, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The relator, Eads, was charged by complaint in the justice court of precinct No. 1, Collinsworth county, Tex., with the crime of murder, alleged to have been committed in said Collinsworth county, Tex., and on the 21st day of September, 1911, had his examining trial before W. A. Walker, justice of the peace in and for said precinct, in said county, and on said day was refused bail by said justice of the peace, and remanded to jail. Said relator was transferred to the jail in Hall county, Tex., because of no safe jail in Collinsworth county, Tex. Thereafter, on the 25th day of September, said relator, Eads, presented to Hon. S. P. Huff, district judge in and for the Forty-Sixth judicial district, his application for a habeas corpus. Said application was granted by said judge, and the sheriff of Hall county, Tex., was directed by said judge to produce the body of relator, Eads, before him at Quanah, Hardeman county, Tex., on the 4th day of October, 1911, at 10 o'clock a. m. The said sheriff of Hall county, Tex., produced said body of said relator, Eads, before said court on the day and date directed, and on the 4th day of October, A. D. 1911, said court refused and denied bail to the said relator, Eads, and remanded him to the custody of the respondent, Lon Burson, sheriff of Hall county, Tex., and directed that said relator be kept in said Hall county, Tex., because of the fact it had been made to appear to the court that there was no safe jail in Collinsworth county, Tex. And thereupon the relator, Eads, excepted to the ruling and judgment of the court denying him bail, and gave notice of appeal to the Court of Criminal Appeals in and for the state of Texas, sitting at Austin, Tex., and said relator now brings this case to this court upon the record for revision. After carefully reading the testimony, we do not think the court erred. The judgment is affirmed.

DAVIDSON, P. J., absent.

PEDDY v. STATE. (Court of Criminal Appeals of Texas. Nov. 8, 1911.) Appeal from District Court, Shelby County; James I. Perkins, Judge. John Henry Peddy was convicted of violating the local option law, and he appeals. Affirmed. See, also, 140 S. W. 229. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was indicted, tried, and convicted of violating the prohibition law, which had been properly voted upon and thereby in effect in Shelby county, after the act of the Legislature making it a felony to sell intoxicating liquors therein was effective. His penalty was fixed at three years in the penitentiary. This case is in exactly the same condition as the case of the same party against the State, 140 S. W. 229, decided by this court last June and a motion for rehearing therein overruled last week. It is unnecessary to give a further statement of it, as the statement in the other case just referred to correctly and sufficiently states the questions in this. In accordance with the opinion in that case, the judgment in this case will be affirmed.