Lonnie Wood v. The State.

No. 1926.   Decided June 19, 1912.

Rehearing denied October 16, 1912.

**1.—Rape—Statement of Facts—Pauper's Affidavit—Mandamus.**

Even where the judge has made an order for a pauper's affidavit, and the stenographer fails to comply with the law in making out a statement of facts, the appellant, in order to comply with the law, must use due diligence, and in such case, apply for a writ of mandamus. Following Peddy v. State, 63 Texas Crim. Rep., 483.

**2.—Same—Bills of Exception—Practice on Appeal.**

In the absence of a statement of fact, the bills of exception must show on their face that they contain all the evidence introduced on the trial in regard to the matter complained of, otherwise, they can not be considered on appeal. Following Bryant v. State, 35 Texas Crim. Rep., 394, and other cases.

**3.—Same—Statement of Facts—Want of Diligence—Pauper's Oath.**

Where the trial judge approved the pauper's oath presented to him after the adjournment of court, but it did not appear that the stenographer was ever given notice that the court had entered an order requiring him to deliver the statement of facts to appellant, and there is no such order in the record and no diligence is shown in procuring such statement of facts, there was no reversible error.

**4.—Same—Newly Discovered Evidence—Affidavit—Motion for Rehearing.**

Affidavits attached to the motion for rehearing alleging that since the case was appealed and affirmed newly discovered evidence has come to the knowledge of appellant, can not be considered on appeal.

Appeal from the District Court of Tyler. Tried below before. the Hon. W. B. Powell.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Harper & Goodwin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted, tried and convicted of the offense of rape, and his punishment assessed at fifteen years confinement in the penitentiary.

The term of court at which appellant was convicted adjourned on

the 17th day of February. There is no statement of facts in the record, but filed with the papers in the case is an affidavit of the district clerk of Tyler County that appellant filed an affidavit of his inability to pay the costs or give security therefor, on February 21, 1912, four days after adjournment of court. However, this affidavit does not show it was ever presented to the district judge, nor does it show that the judge has ever made any order thereon instructing the stenographer to make up the statement of facts, and no such order appears in the transcript. There is also another affidavit filed in this court, made by Mr. Goodwin, one of appellant's attorneys, in which it is stated that after the adjournment of court he requested the stenographer to make out a statement of facts and the stenographer replied he would do so if the attorneys would agree to see he was paid for it, and which they at first agreed to do, but subsequently notified him that appellant had filed a pauper's oath. When the statement of facts was completed the stenographer sent it to the Tyler County Bank with instructions to collect $30 before delivering it to appellant or his counsel. The cashier of the bank files an affidavit that he received the statement of facts on April 4th, with the above instructions. When appellant's counsel learned that the statement of facts was in the bank they wired the stenographer, stating that a pauper's oath had been filed, and asking him to instruct the bank to release and turn over the statement of facts to appellant's counsel. This the stenographer did not do, and the statement of facts remained in the bank until this record was sent up on appeal.

Appellant insists that this case should be reversed because he has been deprived of a statement of facts. By section 8 of the Stenographers' Act, as passed by the Thirty-Second Legislature, it is provided, that when any criminal case is appealed, and the defendant is unable to pay for a statement of facts or to give security therefor, he may make affidavit of such fact, and the court shall order the stenographer to make a statement of facts. It has always been held that such affidavits when presented may be contested. In this case it is not shown that the affidavit was ever presented to the court, or that any order was made thereon, and so far as this record discloses, it may be that the court declined to make the order; at least it ought to be affirmatively shown that he did do so.

Again, if the judge had made the order the diligence of appellant's counsel would not have been at an end, for it has been held that if the stenographer does not voluntarily comply with the law he may and must be compelled to comply with the law by a writ of mandamus. In the case of Smith v. Pecos Valley Ry. Co., 43 Texas Civ. App., 204, 95 S. W. Rep., 11, the Court of Civil Appeals, sitting at Ft. Worth, held:

"The Act of the Legislature confers upon litigants the right to receive what was sought in this case, and upon a proper showing a

judgment would doubtless be reversed where the losing party has been denied such right. But before any such consequence should be visited upon the successful party, we think it should at least be made to appear that the complainant exercised reaonable diligence to avail himself of the privilege given by the Act. The act of the stenographer in making a transcript of his notes is evidently ministerial, and appellant makes no effort to show why he did not by mandamus or other proper proceeding in the court below undertake to compel compliance with his request. The Act, when considered with other laws relating to the subject, contemplates that the stenographer's transcript shall be made out and filed within the time allowed for filing statements of facts, and the failure of the stenographer in question, as shown by the affidavits, in legal effect amounted to a refusal to perform a plain ministerial duty within the proper time, and appellant should have sought enforced performance by seasonable application to the court, or, failing in this, have secured and caused to be filed a statement of facts in the usual form, which, so far as we can see from the record, would have been all-sufficient in the present case."

In the case of Peddy v. State, 63 Texas Crim. Rep., 483, 140 S. W. Rep., 229, in an opinion by Presiding Judge Davidson, this same rule was announced, and the Smith case quoted approvingly. Defendants, no more than any other character of litigants, can sit idly by, knowing that an official is not performing his ministerial duties, and expect us to reverse a case because of such failure, when he has the means at his command to compel observance of the law. Trials are expensive, and each one takes up time of the court, and if one expects an Appellate Court to review the proceedings of the trial court, he must bring up a record that will enable us to do so, or show that he has not also been negligent, but did all the law permitted him to do to get a proper record.

In the absence of a statement of facts we can not review the questions raised, as the court in his charge, together with the two special charges given at appellant's request, correctly presented the law as applicable to the offense charged in the indictment. There being no statement of facts, the bills of exception must show on their face that they contain all the evidence introduced on the trial in regard to the matter complained of. (Bryant v. State, 35 Texas Crim. Rep., 394; Yungman v. State, 35 Texas Crim. Rep., 80; Suit v. State, 30 Texas Crim. App., 319.) The reason for such a rule is apparent in this case, because contingencies could arise in admitting testimony in which the bills would present no error.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, not sitting.

ON REHEARING.

October 16, 1912.

HARPER, JUDGE.—In a motion for rehearing in this case appellant attaches to his motion the affidavit of Hon. W. B. Powell, District Judge, dated June 17, 1912, that the pauper's oath was presented to him and approved by him after the adjournment of court, but it nowhere appears that the stenographer was ever given notice that the court had entered an order requiring him to deliver the statement of facts to appellant, and there is no such order in the record. There is also the affidavit of the stenographer attached to the motion that on March 15th he sent the statement of facts to a bank at Woodville, with draft attached, and that he thereafter on March 19th left the State and was gone until May 15th. The endorsement on the transcript shows it was made up and delivered to appellant's counsel on March 5th—fourteen days before the stenographer says he left the State. Appellant's counsel then knew on March 5th that the record contained no statement of facts, yet they made no effort to obtain same until after the stenographer had left the State, fourteen days later. In addition to this appellant must be aware that the bank was holding the statement of facts as agent for the stenographer, and even if the stenographer had left the State, upon a proper application to the court, the court would have compelled the delivery of the statement of facts by the bank, if appellant had taken all necessary steps to entitle him to one without paying therefor.

We can not consider the affidavits attached to the motion for rehearing, alleging that since the case was appealed and the judgment of affirmance rendered there has been newly discovered evidence come to the knowledge of defendant. The record in a case is made in the trial court, and we can not consider matters not brought to the attention of that court.

The motion for rehearing is overruled.

*Overruled.*