## Henry Roberts v. The State.

### No. 2507. Decided June 4, 1913.

**1.—Burglary—Statement of Facts—Bills of Exception.**

When the term of the court is more than eight weeks in length, the time within which a statement of facts and bill of exception may be filed begins to run from the date of the sentence, and where they were not filed within such time, they could not be considered on appeal.

**2.—Same—Transcript—Capital Offense—Stenographer—Mandamus.**

It is only in case where one is charged with a capital offense and the court appoints an attorney for him that under the law he is entitled as a matter of right to have the stenographer make out a transcript of his notes, and, in all other cases, he must use due diligence, and if necessary, by mandamus, and where he filed his mandamus after the ninety days from the date of the sentence had elapsed, the same came too late.

**3.—Same—Ex Parte Affidavit—Practice on Appeal.**

Where the time had elapsed when appellant could have filed his statement of facts and no reason appears why he did not apply for a mandamus in time, ex parte affidavits will not be considered.

**4.—Same—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, no question being raised in the motion for new trial which the court can review, the judgment is affirmed.

Appeal from the District Court of Tarrant.

Appeal from a conviction of burglary; penalty, eleven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was tried and convicted of the offense of burglary, and his punishment assessed at eleven years confinement in the penitentiary.

The term of court at which appellant was tried convened on August 5th, and adjourned November 2, 1912, lasting more than eight weeks. Appellant's motion for new trial was overruled on October 26, and he was sentenced on that day, and the provisions of the law, granting time in which to file bills of exceptions and statement of facts, when the term is more than eight weeks in length, the time begins to run from the date of sentence—in this case October 26, 1912. In this case it is made to appear that on application filed, the court in November entered an order requiring the official stenographer to make out a statement of facts, but the stenographer failed to do so. It is only in case where a person is charged with a capital offense, and the court appoints an attorney for the defendant, that under the law he is entitled, as a matter of right, to have the stenographer make out a transcript of his notes. In all other cases it has been held by this court and the Court of Civil Appeals that even though the court shall enter an order requiring the stenographer to make out a statement of facts, that the stenographer, being a ministerial officer, the appellant is not entitled to have his case reversed unless he has used diligence to see that the stenographer performed his duties, and if he does not do so, it would be the duty of appellant to seek a writ of mandamus and have him required to do so. Peddy v. State, 63 Texas Crim. Rep., 483; Roberts v. State, 62 Texas Crim. Rep., 7. In this case appellant on January 29th did apply for a writ of mandamus, but as he had only ninety days from the date of sentence in which to file a statement of facts, and that time having elapsed, his application for a writ of mandamus came too late—from October 26th to January 24th would constitute ninety days, and the application for a writ of mandamus was not filed until January 29th—five days thereafter, therefore, it becomes immaterial whether or not the judge was in Tarrant County on that date. A number of questions are presented by affidavits filed pro and con on the issues, but as the time had elapsed when appellant could have filed a statement of facts, when he applied for a writ of mandamus, and no reason stated why he did not apply, it is not necessary to discuss them.

In the absence of a statement of facts, no question is raised in the motion for a new trial we can review.

The judgment is affirmed.                               *Affirmed.*