4. CRIMINAL LAW (§ 1097*)—QUESTIONS RE-VIEWABLE — ABSENCE OF STATEMENT OF FACTS.

In the absence of a statement of facts, questions raised in the motion for new trial are not reviewable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Henry Roberts was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was tried and convicted of the offense of burglary, and his punishment assessed at 11 years' confinement in the penitentiary. The term of court at which appellant was tried convened on August 5 and adjourned November 2, 1912, lasting more than eight weeks.

[1] Appellant's motion for new trial was overruled on October 26th, and he was sentenced on that day, and under the provisions of the law granting time in which to file bills of exceptions and statement of facts, when the term is more than eight weeks in length, the time begins to run from the date of sentence, in this case October 26, 1912.

[2, 3] In this case it is made to appear that on application filed the court in November entered an order requiring the official stenographer to make out a statement of facts, but the stenographer failed to do so. It is only in case where a man is charged with a capital offense, and the court appoints an attorney for the defendant, that under the law he is entitled, as a matter of right, to have the stenographer make out a transcript of his notes. In all other cases it has been held by this court and the Court of Civil Appeals that even though the court shall enter an order requiring the stenographer to make out a statement of facts, the stenographer being a ministerial officer, the appellant is not entitled to have his case reversed unless he has used diligence to see that the stenographer performed his duties, and, if he does not do so, it would be the duty of appellant to seek a writ of mandamus and have him required to do so. Peddy v. State, 63 Tex. Cr. R. 483, 140 S. W. 229; Roberts v. State, 62 Tex. Cr. R. 7, 136 S. W. 483. In this case appellant on January 29th did apply for a writ of mandamus, but as he had only 90 days from the date of sentence in which to file a statement of facts, and that time having elapsed, his application for a writ of mandamus came too late; from October 26th to January 24th would constitute 90 days, and the application for a writ of mandamus was not filed until January 29th, five days thereafter; therefore it becomes immaterial whether or not the judge was in Tarrant county on that date. A number of questions are presented by affidavits filed pro and con on the issues, but as the time had elapsed when appellant could have filed a statement of facts, when he applied for a writ of mandamus, and no reason stated why he did not apply, it is not necessary to discuss them.

[4] In the absence of a statement of facts, no question is raised in the motion for a new trial we can review.

The judgment is affirmed.

---

### ARMSTRONG v. STATE.

(Court of Criminal Appeals of Texas. June 4, 1913.)

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Walter Armstrong was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary; his punishment being assessed at ten years' confinement in the penitentiary.

The matters set forth in this transcript refer to matters of practice altogether in regard to securing statement of facts. They are presented in several ways and are decided adversely to appellant in the case of Henry Roberts v. State, 157 S. W. 1193, this day decided. On the authority of that opinion the matters do not present reversible error. It would serve no purpose to discuss the matter further or for the writer to express his individual views in regard to these questions.

On the authority of Roberts v. State, supra, the judgment will be affirmed.