## Jasper Smith v. The State.

### No. 2807. Decided November 26, 1913.

#### 1.—Murder—Charge of Court—Unlawful Killing—Manslaughter.

Where, upon trial of murder and a conviction of murder in the second degree, the jury under the charge of the court could have readily convicted defendant of said degree of murder, although they might believe he was guilty of manslaughter only, the same was reversible error.

#### 2.—Same—Evidence—Bills of Exception.

Where, upon trial of murder, the bill of exceptions with reference to the admission of testimony that defendant had carnal intercourse with his sister-in-law, etc., was too general in its character and did not point out specifically any error, the same could not be considered on appeal.

Appeal from the District Court of Upshur. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of murder in the second degree; penalty, forty-five years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Briggs* and *R. N. Briggs* and *Maberry & Maberry,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—The jury gave appellant forty-five years as a punishment under conviction of murder in the second degree.

The court submitted murder in the first, murder in the second degree, manslaughter and self-defense. Murder in the first degree, and the objections connected with that phase of the record, will not be discussed, because of the acquittal of that degree of murder.

With reference to murder in the second degree, the court gave this charge: "The next lower grade of culpable homicide than murder in the first degree is murder of the second degree. Malice is also a necessary ingredient of the offense of murder in the second degree; the distinguishing feature, however, so far as the element of malice is concerned, is that in murder in the first degree, malice must be proven to the satisfaction of the jury, beyond a reasonable doubt, as an existing fact, while in murder in the second degree, malice will be implied from the fact of an unlawful killing." Objection was urged to this predicated upon the statement in the charge that *"malice will be implied from the fact of an unlawful killing."* Applying the law of this grade of the offense to the facts the court thus instructed the jury: "If you shall find, beyond a reasonable doubt, that the defendant, Jasper Smith, killed Henry Cornett, in Upshur County, Texas, on or about June 1, 1913, by shooting him with a gun, then if you find, beyond a reasonable doubt, that the defendant was not justifiable in such killing, under the law of justifiable homicide hereinbefore given to you in charge; then if you find that the defendant did not act with his express malice afore-

thought, or if you have a reasonable doubt as to whether he acted upon his express malice aforethought, you will convict him of murder in the second degree, and assess his punishment at confinement in the penitentiary for any term of years not less than five." Objection was urged to this matter because the court did not in this connection instruct the jury with reference to manslaughter and justifiable homicide. In other words, the court instructed the jury that he would be guilty of murder in the second degree if the jury should find he killed Cornett, and was not justifiable under the law of self-defense, and that he did not act with his express malice aforethought, then they should convict him of murder in the second degree. This is not correct. In submitting murder in the second degree he should have plainly told the jury that if he was not justifiable, they must find he was not guilty of manslaughter before they could convict him of murder in the second degree. It is not all unlawful killings that will imply malice. Manslaughter is an unlawful killing. Under this charge the jury could have readily convicted appellant of murder in the second degree, although they might believe he was guilty of manslaughter. The only exception placed in the charge is that if appellant was not justified on the one hand and not guilty of murder in the first degree on the other, then he would be guilty of murder in the second degree. Therefore, if he was guilty of manslaughter, the jury could well have convicted him of murder in the second degree. This question underwent investigation and decision in the case of Roberts v. State, 70 Texas Crim. Rep., 588, 156 S. W. Rep., 651.

While Eula Cornett was testifying for the State, she was permitted to testify that defendant had had carnal knowledge of her and caused her to become pregnant, the bill reciting the following circumstances in connection with it: "Q. Eula, what relation are you to the defendant? A. He is my brother-in-law. Q. Has he ever had carnal knowledge with you? A. Yes, sir. Q. Are you in a family way now? A. Yes, sir. Q. Who is the cause of you being in a family way; that is, who did that job? A. The defendant, Jasper Smith." This all went before the jury over appellant's objection, that it was immaterial, irrelevant and very prejudicial to his rights. The objections are in the nature of a general demurrer and would not be well taken if this testimony could be admitted before the jury for any purpose, but if the testimony was not admissible for any purpose, then the general objections or general demurrers would be sufficient, and would be sustained, provided the testimony was not admissible, as before stated, for any purpose. No specific objections are urged, nor is the evidence set out further than detailed showing the connecting facts or what brought about its introduction and the consequent ruling of the court. The testimony may have been admissible for some purposes if it entered into the trouble between deceased and the defendant, and was the occasion of appellant killing him, or served to show motive, intent or purpose on his part, it might be admissible. If this evidence entered into the reasons why

the deceased should have made an attack upon the defendant, or threats against his life, it might have been beneficial to the defendant from that standpoint as tending to show the intensity of the threats, or to sustain the contention of appellant that deceased was attacking him or threatening to do so, or to render more probable before the minds of the jury the fact that deceased had made threats to take his life, and was seeking to execute them at the time of the homicide. This much is said in view of the fact if we look to the statement of facts it will be shown the witness Eula Cornett was the daughter of the deceased, and the sister-in-law of appellant, he having married Eula's sister. We say this much in view of the fact and hold the exceptions too general, as they are presented, to require revision of the question.

The matter with reference to newly discovered testimony is not discussed. The witness can be obtained at another trial.

On account of the charge held erroneous the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE, HARPER, JUDGE.—We do not agree to all the reasoning and statements in connection therewith, but do concur in the disposition of the case.