DOMINGO CHAVARIO v. THE STATE.

No. 2699.    Decided December 17, 1913.

**1.—Manslaughter—Statement of Facts—Pauper's Affidavit—Mandamus.**

Where defendant, after conviction for manslaughter and before adjournment of court, filed his pauper's affidavit that he .was unable to pay or give security for the costs for making out the stenographic statement of facts, and the stenographer failed to comply with said order and the record did not show that the defendant resorted to mandamus or other compulsory processes to require the stenographer to make out and file such statement, there was no reversible error.

**2.—Same—Bills of Exception—Practice on Appeal.**

If the defendant desired a longer time than thirty days after adjournment of court within which to file his bills of exception, he should have secured an

order from the trial judge extending the time beyond thirty days and to see that the same were properly approved and signed, and he is required to exercise due diligence, and there was no reversible error.

Appeal from the District Court of Fayette. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. D. Brown,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of manslaughter, his punishment being assessed at two years confinement in the penitentiary.

The case is before us without a statement of facts or bills of exception. The court adjourned on May 31st. The record was filed in this court on July 25th following. After conviction and before adjournment of court the defendant filed his pauper's affidavit to the effect that he was unable to pay or give security for the costs for making out the stenographic statement of facts. This was filed May 15th, before the adjournment of court on May 31st. The court entered an order ordering the stenographer to make out a statement of facts, which he declined to do on the ground that he was entitled to receive his pay. So far as the record is concerned, there is no showing that appellant resorted to a writ of mandamus or any process to compel the stenographer to file the statement of facts. Under our decisions this showing is not sufficient. In order to have brought himself within the statute, as construed by the decisions, appellant should have resorted to some means or measure by which he could have compelled the stenographer to file a statement of facts, and had the court refused to force him to do so, then appellant would be in condition to urge this matter before this court. The appellant could have secured a statement of facts by resorting to compulsory process at any time within ninety days after the adjournment of court, and had the court refused to require the stenographer to make out and file same, this court would reverse because appellant had been deprived of his evidence on appeal.

Bills of exception were presented to the court within thirty days. Just how long before the expiration of the thirty days is not made definitely to appear. There is a letter attached to the affidavit of the attorney in the case, signed by the district judge, written on 26th day of June, in which he acknowledges receipt of bills of exception in a civil case, and refers to the fact that he had received the bills of exception in appellant's case some time before writing this letter, but was not in position to sign or approve the bills of exception for want of the statement of facts, stating he would not approve the bills of exception until he re-

ceived the statement of facts; that his mind was not sufficiently clear about what occurred so that he could intelligently pass upon and approve the proffered bills of exception. Under our decisions this is not a sufficient showing. If the defendant desired a longer time than the thirty days after the adjournment of court, he could have had an order from the judge extending the time beyond the thirty days, and further, it seems to be the rule under the decisions, that it is obligatory upon counsel to follow up bills of exceptions and see that they are approved and signed. He was notified by the judge by the letter previously mentioned, that he could not or would not approve the bills of exception until he had the statement of facts. At the time that letter was written it was within five days of the limit of the thirty days, counting from the 31st of May, or rather the first day of June. There may not then have been and was not under the circumstances set out in the affidavit and this record time in which to secure the statement of facts for the judge. It then became the duty of appellant to have an extension of time or some action by which the statement of facts could have been gotten before the judge, or at least to have presented the matter for action on the part of the judge in either approving the bills or rejecting them. The statute seems to require that there shall be no want of diligence on the part of appellant or his counsel in securing bills of exception. In the absence of securing the necessary statement of facts and bills of exceptions, under the terms of the statute, the appellant is required to exercise all diligence necessary, otherwise laches will be imputed. Under the circumstances, in the light of the statute and our decisions, appellant has not brought himself within the rule so that these matters can be considered and a reversal granted on account of the failure to secure bills of exception and statement of facts. Without these matters before us, there is no ground alleged that would require or authorize a reversal of this judgment; it is therefore affirmed.

*Affirmed.*