PAUL ARCHER v. THE STATE.

No. 3199.   Decided June 26, 1914.

**1.—Murder—Statement of Facts—Waiver—Want of Diligence.**

Where defendant and his counsel did not use the diligence required by law to secure a statement of facts, but in fact expressly waived the same, the cause can not be reversed for the want of a statement of facts, as the failure to file one was due to the action of appellant and his counsel. Distinguishing Burden v. State, 70 Texas Crim. Rep., 349, 156 S. W. Rep., 1196.

**2.—Same—Circumstantial Evidence—Declarations and Acts of Defendant.**

Where, upon trial of murder, the case depended entirely upon circumstantial evidence, there was no error in admitting testimony that defendant was seen shortly before the homicide going in the direction where it occurred, saying he was going to get some meat, etc., and that the witness heard talking and some licks passed, etc. Following Noftsinger v. State, 7 Texas Crim. App., 301, and other cases.

Appeal from the District Court of Wharton. Tried below before the Hon. Samuel J. Styles.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*E. Hawes, Jr.,* and *S. C. Cappell,* for appellant.—On question of preparing statement of facts: Burden v. State, 70 Texas Crim. Rep., 349, 156 S. W. Rep., 1196; Roberts v. State, 70 Texas Crim. Rep., 588, 157 S. W. Rep., 1193.

On question of admitting testimony as to declarations and acts of defendant: Garrett v. State, 52 Texas Crim. Rep., 255, 106 S. W. Rep., 389; McClain v. State, 144 S. W. Rep., 951; Fossett v. State, 55 S. W. Rep., 497; Heffington v. State, 54 S. W. Rep., 755; McMahon v. State, 81 S. W. Rep., 296.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of mur-

der, and his punishment assessed at ten years confinement in the State penitentiary.

Appellant having no counsel, the court appointed Messrs. E. Hawes and S. C. Cappell to represent him, and they did so on the trial of the case. The motion for new trial was overruled on May 27th, and the court adjourned on May 30th. There is no statement of facts in the record, and appellant, relying on Burden v. State, 70 Texas Crim. Rep., 349, 156 S. W. Rep., 1196, asks us to reverse the case because he has been deprived of a statement of facts, but he hardly brings himself within the rule there announced. It is true that twelve days only after court adjourned appellant files an affidavit with the clerk of the court, stating that immediately after the motion for new trial had been over-ruled he called the court's attention to the fact that under the stenog-raphers' Act of 1911, counsel for defendant was entitled to a transcript of the stenographer's notes, in order to enable them to make up a state-ment of facts, and the court stated that he was familiar with the law in that respect. But it nowhere appears in the record that he filed any motion or made any effort to get the court to require the stenog-rapher to make out transcript, or that he ever called on the stenographer to furnish him the notes thereafter, or that the stenographer refused to do so. But instead by the record it is apparent that within twelve days after court adjourned appellant's counsel filed with the clerk the fol-lowing request: "Now comes the defendant, Paul Archer, and respect-fully requests and instructs the district clerk of Wharton County, Texas, to immediately prepare and forward to the Court of Criminal Appeals at Austin, Texas, a complete transcript of the record in its present con-dition, in the above styled and numbered case. Hereby expressly waiv-ing any further time in which to file bills of exceptions or statement of facts." Thus it is seen that appellant not only did not call on the stenographer for a transcript, nor seek to have the court to compel him to furnish his notes of the testimony, but instead thereof before the stenographer had a reasonable time in which to make out a transcript, he files a request with the clerk of the court to at once forward the record to this court, waiving time in which to file a statement of facts, when he had sixty-eight days in which it could be filed. Instead of appellant making an earnest effort to get a statement of facts as was done in the Burden case, supra, it seems he was making a studious effort to keep one from being furnished him by demanding the record be for-warded to this court without a statement of facts within twelve days after court adjourned. No officer seems to have neglected his duty in the premises, but appellant in his zeal seeks to have the case forwarded to this court before the stenographer has a reasonable time in which to make out a transcript of his notes, and without even calling on the stenographer for the evidence he of his own accord waives time and demands that the record be sent to this court without a statement of facts. Under such circumstances he is not entitled to have his case reversed, but in order to secure a reversal because of a want of state-ment of facts, there must be shown an earnest, sincere effort on the part

of appellant and his counsel, and the reason of his failure to secure a statement of facts was on account of negligence of those other than himself.

There is but one bill of exceptions in the record. It complains that the court erred in permitting Sevan Norris to testify: "Paul Archer was sitting on the gallery picking in the floor with his knife. I didn't notice what sort of knife it was. Paul told me that he was going to get some meat with this knife. He got up from the gallery and sat up there on the bench. He sat on the bench a good while, and then left and went down the road. When I saw him he was going towards the railroad. I never saw anybody down the road. After Paul had gone down the road, first I heard some talking, and then I heard two licks. Paul had not come back when we left." This was a case, as shown by the charge of the court, depending wholly on circumstantial evidence. The record discloses that deceased was found the next morning "down the road" the way Paul went, and that he was killed by being cut to death. This being a case depending on circumstantial evidence, there was no error in admitting the testimony, for in a case of that character it has been held that the mind seeks to explore every possible source from which any light, however feeble, may be derived. Noftsinger v. State, 7 Texas Crim. App., 301; Black v. State, 1 Texas Crim. App., 368; Cooper v. State, 19 Texas, 449.

There is no other bill of exceptions in the record, and in the absence of a statement of facts there is no other question presented in the motion for new trial we can review.

The judgment is affirmed.

*Affirmed.*