MAUDIE VASTINE v. THE STATE.

No. 5127.    Decided October 23, 1918.

Assault to Murder—Statement of Facts—Bills of Exception.

Where the failure to file a statement of facts and bills of exception was not shown to have been without fault or want of diligence of appellant and his counsel, and did not come within the rule to require reversal, the judgment must be affirmed.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, her punishment being assessed at two years confinement in the penitentiary.

The record contains neither a statement of facts nor bills of exception. There is an affidavit filed by appellant's attorneys, and also one by the county attorney, Hon. Marshall Spoonts, explanatory of the failure to produce a statement of facts in the record.

The county attorney states that he was not personally acquainted with the details in the manner of procedure subsequent to the trial of the case, but knows that Chas. Mays sought to procure a statement of

facts in order to proceed with the appeal; that before he obtained same the transcript was filed in the Court of Criminal Appeals, whereupon, in order to give the stenographer further time to prepare the statement of facts, he had the transcript withdrawn from that court, as he understood that Mr. Morrison had not had sufficient time to get up the statement of facts. He says: "I am further reliably informed that the defendant paid $50 in order to procure such statement of facts."

Mr. Mays of counsel for appellant states that former Judge Swayne defended the case, and went to Oklahoma and was taken sick. That he, Mays, then undertook to complete the record by obtaining a statement of the facts, and called the stenographer's attention to it. The stenographer assured him it would be ready right away, and he would hand same to the affiant. He says: "I received this assurance practically from day to day until I learned that the transcript had been sent to the Court of Criminal Appeals at Austin. When I learned this, Hon. Marshall Spoonts, county attorney, at once agreed to have the transcript withdrawn in order to give the stenographer more time to prepare such statement of facts, and agreed to have same filed in due and legal time so as to have same properly considered by the higher court; that such transcript was withdrawn by Mr. Spoonts, and I continued to seek such statement of facts from the stenographer, each time with the assurance that same would be ready at once; that in the meantime I paid the stenographer the sum of $50, the exact date not being remembered by me. In view of an understanding and agreement that the statement of facts should be filed so as to show in due time, and that I would not lose the right of appeal, I continued my efforts to obtain same until I again learned that the transcript had been again filed by the district clerk in the Court of Criminal Appeals and said cause set down for trial October 9, 1918." He states that appellant has, been deprived of her statement of facts, and, therefore, of the right of appeal in said cause; that he has never been furnished with a statement of facts from the stenographer, though having constantly relied upon his promises. The stenographer was busy in court and some of his help was upon the draft board during such time. He further states: "I used all due and reasonable diligence to obtain such statement of facts; in fact I believe I used much more than ordinary diligence, all of which material facts are corroborated by Mr. Spoonts by his affidavit to the motion herein filed. That after the time had legally elapsed to file same, the stenographer constantly promised that he would prepare same and see that it was filed in due time, and that he had not done so sooner for he had been deprived of—I did not seek an order extending the time to file same, for the reason that I daily and constantly depended upon the stenographer and his assurances that such statement of facts would be ready at once, and in further view of the fact that it was agreed and understood that same should be marked as though filed in due time, and I wholly relied thereon, to all of which I hereby verify."

The affidavit of Mr. Spoonts was made on August 16, 1918, and that of Mr. Mays on the 28th of September, 1918. This is the showing made by counsel to have this cause reversed for want of a statement of facts. We are of opinion that the showing is not sufficient. The court at which the case was tried convened on October 1, 1917, and adjourned January 5, 1918. There was a sixty-day order entered in which to prepare the statement of facts and bills of exception. The motion for new trial was overruled on October 15, 1917, and it was then that the sixty-day order was entered. The record was filed in the Court of Criminal Appeals on June 28, 1918, nearly six months after the trial court finally adjourned the previous January. The sixty-day order then, if counted from the adjournment of court on the 5th of January, would have expired early in March. There was no extension of time asked, nor was any application made to the district judge to compel the stenographer to make out a statement of facts. When the $50 was paid the stenographer is not shown; in fact, counsel states he did not remember the date. In order to have brought appellant within the rule of diligence as announced by this court in quite a number of cases, it would have been necessary to have resorted to some means at the hands of the judge to compel the stenographer to make out a statement of facts, and a failure in securing the order and getting a statement of facts would have presented the case from a different viewpoint. This and kindred questions have been discussed several times by this court, and under all these decisions this showing is not sufficient. See Peddy v. State, 63 Texas Crim. Rep., 483; Roberts v. State, 70 Texas Crim. Rep., 588; Chavario v. State, 72 Texas Crim. Rep., 240; Archer v. State, 74 Texas Crim. Rep., 524; also Roberts v. State, 62 Texas Crim. Rep., 7.

We are, therefore, of opinion that the suggestion of appellant to reverse the judgment because of the want of a statement of facts does not bring it within the law and must be overruled. This being the condition of the record, there are no matters presented which require a consideration without the statement of facts.

The judgment will, therefore, be affirmed.

*Affirmed.*