TEX MAY v. THE STATE.

No. 7498. Decided February 28, 1923.

Rehearing Denied April, 1923.

**1.—Robbery—Sufficiency of the Evidence—Practice on Appeal.**

In the absence of a bill of exceptions and a statement of facts, the indictment charging robbery and the judgment was in proper form, the conviction is sustained.

**2.—Rehearing—Certiorari—Pauper's Affidavit.**

Where appellant, in motion for rehearing, asked for a writ of *certiorari* to perfect the record, averring that he made pauper's affidavit under the statute, and attached a purported copy thereof, but there was no showing that such affidavit was ever filed or called to the attention of the trial court, the writ will be denied.

Appeal from the Crim. District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for robbery with punishment of twenty-five years in the penitentiary.

There are no bills of exception in the record and no statement of facts. The indictment charges an offense, and the judgment appears to be in proper form.

The judgment must be affirmed.

*Affirmed.*

ON REHEARING.

April 18, 1923.

LATTIMORE, JUDGE.—This case was recently affirmed, it appearing that there was neither statement of facts nor bills of exception in the record. Appellant presents a motion for rehearing accompanied by an application for certiorari to perfect the record. He avers that he made a pauper's affidavit under Article 845a, Vernon's C. C. P., and attaches a purported copy of such affidavit. Same appears to have been sworn to before a notary public but contains no

evidence of having ever been filed. This is the showing made for rehearing and upon the application for certiorari. This is not sufficient. Not only must the record show that the affidavit in proper form was made and filed, but it must further appear that same was called to the attention of the trial court in order that he might have made an order directing the court stenographer to make out and forward the desired statement of facts. Woods v. State, 150 S. W. Rep. 194; Olivus v. State, 61 Texas Crim. Rep. 191; Jackson v. State, 70 Texas Crim. Rep. 292; Lewis v. State, 75 Texas Civ. Rep. 507, 171 S. W. Rep. 972. Not only is there no showing of any effort to secure the order of the trial court for such statement of facts, but there is no certification by any officer of the trial court that the affidavit of appellant was ever filed. The transcript appearing in this record was certified by the clerk of the court below at a date later than that of the affidavit attached to appellant's motion.

Finding no merit in either appellant's motion for rehearing or his application for certiorari, both will be denied.

*Certiorari denied.*