MAT AKERS v. THE STATE.

No. 7497.   Decided February 28, 1923.

Rehearing Denied April 18, 1923.

**·1.—Robbery—Sufficiency of the Evidence.**

In the absence of a statement of facts and bills of exception, the indictment charging robbery being sufficient, and the proceedings of the trial regular, the judgment must be affirmed.

**2.—Same—Pauper's Affidavit—Certiorari.**

Where appellant presented a motion for rehearing accompanied by an application for *certiorari* to perfect the record, and alleged that he had made a pauper's affidavit, attaching a purported copy thereof, but the same contained no evidence of ever having been filed or called to the attention of the trial court, the motion for rehearing will be overruled.

Appeal from the Crim. District Court of Dallas.   Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of robbery; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Matt Akers* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas county of robbery, and his punishment fixed at seven years in the penitentiary.

The record is before us without a statement of facts or a bill of exceptions. The indictment charges in the usual form that appellant did unlawfully and wilfully make an assault upon the person of Fay Myers, and did then and there by said assault and by violence to the said Fay Myers and by putting the said Fay Myers in fear of life and bodily injury did then and there fraudulently take from the person and possession of said Fay Myers one ring. The charge of the court submitted the offense in appropriate language.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

### April 18, 1923.

LATTIMORE, JUDGE.—This case was recently affirmed, it appearing that there was neither statement of facts nor bills of exception in the record. Appellant presents a motion for rehearing accompanied by an application for certiorari to perfect the record. He avers that he made a pauper's affidavit under Article 845a, Vernon's C. C. P., and attaches a purported copy of such affidavit. Same appears to have been sworn to before a notary public but contains no evidence of having ever been filed. This is all the showing made for rehearing and upon the application for certiorari. This is not sufficient. Not only must the record show that the affidavit in proper form was made and filed, but it must further appear that same was called to the attention of the trial court in order that he might have made an order directing the court stenographer to make out and forward the desired statement of facts. Woods v. State, 67 Texas Crim. Rep., 609, 150 S. W. Rep. 194; Olivus v. State, 61 Texas Crim. Rep. 191; Jackson v. State, 70 Texas Crim. Rep. 292; Lewis v. State, 75 Texas Crim. Rep., 509, 171 S. W. Rep. 972. Not only is there no showing of any effort to secure the order of the trial court for such statement of facts, but there is no certification by any officer of the trial court that the affidavit of appellant was ever filed. The transcript appearing in this record was certified by the clerk of the court below at a date later than that of the affidavit attached to appellant's motion.

Finding no merit in either appellant's motion for rehearing or his application for certiorari, both will be denied.

*Certiorari denied.*