FIRST NATIONAL BANK OF ASPERMONT V. T. H. CONNER ET AL.

No. 2331.   Decided January 27, 1915.

**1.—Corporation—Bond—Surety—Ultra Vires—Conflicting Decisions.**

The ruling of the Court of Civil Appeals in W. C. Bowman Co. v. Pierson, 139 S. W., 618 (that a bond securing the performance of a building contract by the contractor, signed as surety by a corporation chartered for the purpose of buying and selling lumber, was invalid as being an ultra vires act of such corporation), was in conflict with the ruling of the Court of Civil Appeals of the Fourth District in Munoz v. Brassel, 108 S. W., 417, which held valid an undertaking by a wholesale liquor corporation as surety upon a retail liquor dealer's bond, as a legitimate means of obtaining custom, though there was no agreement by the retailer to buy from such surety.   (P. 550.)

**2.—Same—Mandamus—Certifying Case.**

The Supreme Court may by mandamus compel the Court of Civil Appeals to certify to it for decision a ruling which is in conflict with the decision of another Court of Civil Appeals and which can not be reviewed by the Supreme Court on writ of error.   (Act of May 9, 1899, Laws, 26th Leg., p. 170; Rev. Stats., 1911, art. 1623; McCurdy v. Conner, 92 Texas, 246.)   (P. 550.)

Original application by the First National Bank of Aspermont to the Supreme Court, to require the Court of Civil Appeals to certify a question.

*Theodore Mack,* for relator, cited: Munoz v. Brassel, 108 S. W., 417; N. Y. Life Ins. Co. v. Phillips (Mo.), 10 S. W., 182; Timm v. G. R. Browning Co., 27 L. R. A. (N. S.), 186, note; 125 N. W., 357; Comanche Cot. Oil Co. v. Browne, 99 Texas, 660; Wheeler v. Everett Ld. Co., 45 Pac., 316.

No briefs were on file for respondents.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

This is a proceeding for a writ of mandamus to require the judges of the Honorable Court of Civil Appeals for the Second District to

certify for the decision of this court a question determined by them in the case of W. C. Bowman Lumber Company v. Pierson et al., adversely to the relator, an appellee in the case.   139 S. W., 618.

The jurisdiction of the Court of Civil Appeals was final in the case, it having been appealed from a County Court and not being within any of the exceptions of the statute providing that the jurisdiction of the Courts of Civil Appeals shall be final in such cases; and the motion to certify the question having been duly made upon the ground that the decision was in conflict with that of another Court of Civil Appeals, it was the duty of the court to certify it, provided there was a clearly defined conflict between the two decisions.   Act of May 9, 1899 (Laws of 1899, 170), art. 1623, Rev. Stats., 1911; McCurdy v. Conner, 95 Texas, 246, 66 S. W., 664.

The question determined by the Court of Civil Appeals was, that the lumber company, a corporation chartered for the purpose of buying and selling lumber and other building material, was not liable on its undertaking as a surety upon the bond of Robinson, a building contractor, executed in favor of the relator to secure the performance of a building contract, because its act in signing the bond was ultra vires and void. The decision is claimed to be in conflict with the holding of the Court of Civil Appeals for the Fourth District upon the same question in Munoz v. Brassel, 108 S. W., 417.   In the latter case the Houck & Dieter Company, a corporation chartered for the conduct of a wholesale and retail liquor business, signed as surety a statutory liquor dealer's bond with one Vidal as co-surety.   In a suit upon the bond it was discharged in the trial court, but Vidal was cast.   Upon his appeal Vidal contended that unless there was an express or implied agreement on the part of the principal in the bond to purchase goods from the corporation, as an inducement for it to sign the bond in the promotion of its business, its becoming a surety upon the bond was an ultra vires act and void, rendering the bond invalid and unenforceable because of the requirement of the law that it should be signed by two lawful sureties.   The court in its opinion by Chief Justice James ruled against this contention, expressly holding that the corporation was not without the power to execute the bond, though such an agreement was not shown; that furnishing aid to the principal by signing his bond was a means calculated to obtain custom for the corporation and thus promote its interest, and that its act was accordingly within its implied corporate powers.

For the same reason, if that decision is correct, becoming a surety upon a building contractor's bond is not violative of the charter powers of a corporation engaged in the sale of building material.   It would be deemed, according to such ruling, equally an act promotive of the business of the corporation.

The two decisions are in evident conflict, and the writ of mandamus is accordingly awarded.