HIRAM WRIGHT V. THE STATE.

No. 16535. Delivered January 17, 1934.
Reported in 67 S. W. (2d) 1118.

The opinion states the case.

*Z. J. Spruiell, Jr.* and *D. E. Killam,* both of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for twenty-five years.

The indictment is regular and contains three counts dealing with the different methods of committing the homicide, namely, by cutting the deceased with a knife, by shooting him with a gun and also by shooting him with a pistol.

The facts heard in the trial court are not brought up for review.

Several bills of exception appear in the record, but whether or not they are meritorious cannot be determined in the absence of a statement of facts. Moreover, the bills fail to show the signature of the judge who presided in the trial of the case.

It appears that on September 26, 1933, there was filed an affidavit of the inability to pay for the cost of preparation of the statement of facts or to give security therefor, and requesting that the stenographer be required to prepare the statement of facts. The court adjourned on July 22, 1933, and the affidavit was filed September 26, 1933. Among the papers is the statement of the Clerk of the District Court of Smith County to the effect that he was advised by the official court reporter that she was given no notice of the request to prepare the statement of facts within the proper time and that therefore she is not required to make the statement of facts. Nothing in the record apprises us of any notice to the judge of the request for the statement of facts, nor that any action was taken by the accused except to file the affidavit. Whether the affidavit in its terms complies with the statute on the subject is not shown. See references to decisions and statutes in the case of Belote v. State, 59 S. W. (2d) 161.

As presented, the record reveals no legal reason upon which to found a reversal of the conviction.

The judgment is therefore affirmed.

*Affirmed.*