## EX PARTE JESSE FREAD.

### No. 5063.   Decided May 29, 1918.

**1.—Mandamus—Pauper—Affidavit—Transcript—Stenographer.**

Where appellant, after notice of appeal, filed an affidavit in the District Court that he was not able to pay for a transcript or a statement of facts as provided by article 844b of the Code of Criminal Procedure, and was unable to give security therefor, and requested the court to order the stenographer of the court to make such transcript of the evidence, which the trial court refused, the same was reversible error and the stenographer is ordered to file a transcript in said District Court within fifteen days.

**2.—Same—Statutes Construed—Mandatory Statute—Affidavit.**

There is imposed a mandatory duty upon the trial court under the Act of the Thirty-second Legislature, Chapter 119, page 264, to make the order requiring the court stenographer to prepare the transcript when the proper affidavit is filed, and this mandatory duty extends likewise to the stenographer. The statute does not leave it discretionary with the trial judge to determine whether such affidavit is true or not, as the affiant makes the affidavit at his peril. Qualifying Jackson v. State, 70 Texas Crim. Rep., 292, 156 S. W. Rep., 1183.

**3.—Same—Writ of Mandamus—Constitutional Law.**

This court is vested, under article 5, section 5, Constitution of Texas, with power and charged with the duty to enforce the performance by officers of trial courts of ministerial duties imposed upon them by mandatory provisions of the statutes, providing regulations in the matter of perfecting an appeal. Following Bank v. Connor, 106 Texas, 549, and other cases.

From Navarro County.

Original proceedings praying for writ of mandamus to compel the court stenographer to make out transcript after proper pauper affidavit was made and filed.

The opinion states the case.

*Parker & Scarabrough* and *Richard Mays,* for original petitioner.

*Callicut & Johnson,* for respondent.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a petition for mandamus. The petitioner, Jesse Fread, was indicted, tried and convicted for murder, and judgment and sentence condemning him to confinement in the penitentiary for five years was duly entered in the District Court of Navarro County, from which judgment he prosecuted appeal in due time to this court, giving notice of appeal in the manner and at the time required by law, which is duly entered.

He filed in the District Court an affidavit which, after stating the facts above with reference to the trial, conviction and appeal, contains the following: "That he is not able to pay for a transcript or statement of

facts as provided by article 844b of the Code of Criminal Procedure, and is unable to give security therefor, and he therefore requests the court to order the stenographer of this court to make such transcript of the evidence." The prosecuting attorney opposed the request on the ground, first, that the applicant had been represented by attorneys of his own choice in the trial of the case and not by attorneys appointed by the court. Second, that it was not true that he was unable to pay for a transcript or give security therefor. The judge of the trial court after hearing the evidence upon the subject refused to order the stenographer to transcribe his notes and the stenographer refused to do so in the absence of such order. The evidence is preserved and we think does not show that the affidavit was untrue. It does show that the transcript of the evidence is necessary in perfecting his appeal; that the attorneys are unable to properly prepare their statement of facts reflecting the testimony given upon the trial without such transcript.

The Act of the Thirty-second Legislature, 1911, chapter 119, page 264, section 5, is as follows: "In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in said case in the form of questions and answers, certifying that such transcript is true and correct, and shall file same in the office of the clerk of the court within such reasonable time as may be fixed by written order of the court. Said transcript shall be made in duplicate; for which said transcript the official shorthand reporter shall be paid the sum of fifteen cents per folio of one hundred words for the original copy and no charge shall be made for the duplicate copy, said transcript to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs." Section 9 of the same Act requires the official shorthand reporter to make the transcript referred to in section 5 upon the request of either of the parties. Section 5, supra, is article 844b, Vernon's C. C. P., and section 9 is article 845b of the same. Section 8 of the Act is article 845a of the Code of Criminal Procedure, and contains the following: "Provided, that when any criminal case is appealed and the defendant is not able to pay for a transcript as provided for in section 5 of this Act (art. 844b), or to give security therefor, he may make affidavit of such fact, and upon the making and filing of such affidavit, the court shall order the stenographer to make such transcript in duplicate, and deliver them as herein provided in civil cases, but the stenographer shall receive no pay for same; provided, that should any such affidavit so made by such defendant be false he shall be prosecuted and punished as is now provided by law for making false affidavits." Section 14 of the Act, article 846, C. C. P., provides that in all cases where the court is required to, and does appoint an attorney in a criminal action to represent a defendant that the official shorthand reporter shall be required to furnish the attorney for defendant, if convicted and if an appeal is prosecuted, with a transcript of his notes as provided in section 5 of this Act, for which said service he shall be paid by the State,

upon the certificate of the district judge, one-half of the rate provided for herein.

It is suggested in the answer to the petition for mandamus that the petitioner fails to show himself entitled to the relief in that he fails to show that the court appointed attorneys to represent him. We think the respondent is mistaken in this view. Article 846, supra, corresponding with section 14 of the original Act, provides the procedure with reference to obtaining a transcript of the stenographer's notes in a case where the court is required to and does appoint attorneys to represent the accused, and also provides for the measure of compensation. This section of the Act relates to an entirely different phase from that touched by article 845a. Under article 846 the State pays the court stenographer one-half the otherwise legal compensation for making the notes. Under article 845a he is required by law, and it is made a part of his official duty as an officer of the State, receiving a salary of $1500 per annum as provided by article 845a and additional compensation as provided by chapter 119, Acts of the Thirty-second Legislature, supra, to transcribe his notes where a convicted defendant who has appealed his case requests him to do so and files an affidavit that he is unable to pay for the transcript or to give security therefor. We are of opinion that under this section of the law, article 845a, there is imposed a mandatory duty upon the trial court to make the order requiring the court stenographer to prepare the transcript and a mandatory duty likewise upon the stenographer to do so. The statute does not leave it discretionary with the trial judge or within his discretion to determine whether an affidavit is true or not. It in terms names the remedy in the following language: "Provided, that should any such affidavit so made by such defendant be false he shall be prosecuted, and punished as now provided by law for making false affidavits." He makes the affidavit at his peril. The statute commands the district judge to direct and the stenographer to comply with the request. If the affidavit is untrue it becomes the duty of the prosecuting officers to institute a prosecution or of the trial judge to direct the attention of the grand jury to the matter and the truth or falsity of the affidavit will be determined by a jury in a criminal proceeding.

In the case of Jackson v. State, 70 Texas Crim. Rep., 292, 156 S. W. Rep., 1183, section 8 of chapter 119 of the Acts of the Thirty-second Legislature, article 845a, C. C. P., appears to have been overlooked. In all events it is not discussed and the statements in the opinion indicate that the conclusion reached was without reference to that section That case, however, correctly decided the question which was really before the court, namely, whether or not the diligence of the appellant in his efforts to procure a statement of facts was sufficient to require a reversal of the judgment of conviction because he was deprived, without his fault, of a statement of facts. It appeared that he appealed without a statement of facts and there was a failure to show any diligence to procure one. In the instant case the applicant in the pursuit of his dili-

gence has followed the procedure mentioned above and is here prosecuting the matter by insisting that this court aid him in securing an observance of the statutory provisions touching his right to the transcribed notes of the stenographer.

This court is given power by article 5, section 5, of the Constitution, "to issue writs necessary to enforce its jurisdiction." Jurisdiction attaches when the final judgment of conviction is entered and notice of appeal given and entered. The court is vested with power and charged with the duty to enforce the performance by officers of the trial court of ministerial duties imposed upon them by mandatory provisions of the statute providing regulations in the matter of perfecting appeals. Cyc., vol. 26, pp. 190-193; Applebaum v. Bass, 113 S. W. Rep., 173; Bank v. Connor, 106 Texas, 549.

The principles which should control the disposition of this case, we think, are stated by Judge Key in delivering the opinion of the Court of Civil Appeals in the case of Rice v. Roberts, 177 S. W. Rep., 149, in which the Supreme Court refused writ of error and from which we take the following quotation: "We are also of opinion that the provisions of section 8 making it the duty of the judge, in the circumstances referred to, to make an order requiring the stenographer to file such transcript, was not enacted for the protection of the stenographer, but for the benefit of the party appealing, in order that he might have a speedy remedy to compel an unwilling stenographer to perform the duties therein prescribed.

"We are further of opinion that the provision referred to requiring the judge to make the order is mandatory, that the making of such order is a ministerial act, and that this court has the power to compel a judge to make such order. However, in this case we deem it unnecessary to exercise that power, because the stenographer is a party to this proceeding; and instead of pursuing the indirect method of requiring the district judge to make an order compelling the stenographer to transcribe his notes, we prefer to pursue the more direct method and make that order ourselves."

Our conclusion is that the official court stenographer, T. N. Watkins, should be directed to prepare a transcript of his notes in the case mentioned and file same within fifteen days with the clerk of the District Court of Navarro County as required by article 845b, C. C. P., and it is so ordered.

*Writ granted.*