JOHN BALLINGER v. THE STATE.

No. 11957. Delivered June 13, 1928.
Rehearing denied June 28, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

150

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

The record is before us without any statement of facts or bills of exception. From the transcript we learn that the trial took place on January 21, 1928. Motion for new trial was made setting up serious objections to the verdict and judgment as being unsupported, and to the extent of the confession made by the accused. This motion was controverted by the State. On Thursday, the 26th of January, 1928, the court entered his order overruling said motion. The trial term of the court below adjourned on said 26th of January. On February 13th appellant made an affidavit before the clerk of the court trying him in which he stated that he was not able to pay for the preparation of a transcript of the testimony given on the trial of his case, and was not able to give security therefor, and unless he was furnished with such transcript of the testimony he could not appeal his case. He prayed the court to require the official court reporter to prepare and deliver to him or his attorneys a transcript of the evidence in his case. The record presents no contest or controversy of the truth of the matter set out in this affidavit, further than appears in the order and judgment of the trial court denying the prayer of said affidavit. On March 20, 1928, the learned trial judge made an order from which it appears that the affidavit above referred to was brought to the attention of said judge, in which order of the court is recited the fact that appellant has paid attorneys and is, therefore, not entitled to have a transcript of the evidence in this case made by the court reporter without payment therefor on the part of appellant, and the prayer for such transcript by appellant was denied. Our statute provides that for his services in making a statement of facts in a case like this, the stenographer shall be paid by the State.

We are of opinion the learned trial judge fell into error in this matter. We find in Art. 760 C. C. P., 1925, the following:

"When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant."

We are not unaware of the fact that in some cases this court has held that where the record shows the accused to have been represented by paid attorneys of his own choice upon the trial, this court would not hold erroneous the action of the trial court in refusing

to order a transcript of the testimony, made upon affidavit of inability to pay the fees to the stenographer for making same. We are not aware of any such holding in a death penalty case. We know of no holding of this kind since the enactment of the 1925 Revised Penal Code and Code of Criminal Procedure. We are unwilling to commit this court to such a proposition, in the face of the plain declaration of the statute. Our present statutes contain no provisions or exceptions in regard to this matter, and we are of opinion that in a death penalty case at least, this court would be unwilling to affirm a judgment in any case where there appears an uncontroverted affidavit of the inability of the accused to pay for the transcript, and it also appears that the affidavit has been brought to the attention of the trial court, and the prayer presented in such affidavit has been refused. It is deemed necessary in the administration of justice in this State to deprive men of their lives, under certain circumstances outlined and prescribed by our statutes, but we trust there will never come a time when one facing a situation of this kind makes a solemn oath that he is unable to pay the costs of such statement of facts; and in such case so long as there is provision in our law for the payment by the State of a competent court stenographer who has transcribed all the testimony in the case, for his services in making out such transcript, this court will never hold that because the attorney for the accused has failed to prepare privately a statement and tender it to the court, an affirmance can be ordered. We regret the necessity for reversal of judgments of conviction, but have no hesitation in a case like this, in ordering same.

Feeling that this man has been deprived of the presentation of the facts in his case for review, to the court of last resort, and that he brought himself within the rules entitling him to such statement of facts, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in connection with which it tenders a statement of facts on the main trial and also a statement of the facts heard on the motion for new trial, which we are now asked to consider. Neither of these documents is signed by appellant nor his attorney but by affidavit attached to the main statement of facts it is expressly shown that he declined to sign the same. The learned trial judge under date of June 15th certified that the parties having failed to agree to the state-

ment of facts he adopts the one bearing his approval as a correct statement of facts proven. Notwithstanding this authentication bears date June 15th 1928 the documents appear to have been filed in the court below on the 14th day of June, 1928 one day preceding their approval by the trial judge. However, waiving this irregularity we are of opinion the instruments cannot be considered. Appellant gave notice of appeal on the 26th day of January. He had ninety days from that date in which to file a statement of facts. By erroneous action of the court as shown by our original opinion appellant was deprived of such statement of facts. He appealed to this court relying on the fact that he had been deprived of the evidence heard on his trial. It has been held many times that although the file mark may show that a statement of facts was filed in due time yet if this court ascertains that it was not in fact filed within the time allowed by law it will be stricken out. (See many authorities collated under Sec. 599, Branch's Ann. Tex. P. C.) Here it is not necessary to go behind the file mark. On its face the statement of facts was not filed in the lower court within the time allowed by the statute. It was not filed until one day after the reversal was announced by this court. The statute referred to (Art. 760 C. C. P.) is usually invoked against the defendant under the holding that a statement of facts not filed within the statutory time will not be considered. Should there be one rule for accused and another one for the State? If appellant through negligence had failed to file a statement of facts and this judgment had been affirmed for lack thereof would the court now consider a statement of facts procured and filed long after the statutory time had expired? The announcements to the contrary are too numerous and consistent to need citation. When the absence of the statement of facts is in no wise attributable to appellant but solely to the state and its officers, shall the state be placed in a better attitude than accused by this court considering a statement of facts filed too late? The right to amend a statement of facts after it has been filed in this court has been denied where it worked to the interest of the state (McConnell v. State, 85 Tex. Cr. R. 409, 212 S. W. 498) and likewise where it worked to the interest of accused (Gherke v. State, 59 Tex. Cr. R. 508, 128 S. W. 380). See also McBride v. State, 93 Tex. Cr. R. 257, 246 S. W. 394; Hurd v. State, 99 Tex. Cr. R. 388, 269 S. W. 439. We see no reason or justice for an inconsistent holding which would result from considering the statement of facts now tendered by the state in the present case. There

is no way for us to know what questions might have been presented for review if appellant had not been denied the statement of facts and upon which denial he had the right to place his sole reliance. The opinion in Bigham v. State, 36 Tex. Cr. R. 453 is not thought to be in conflict with this holding. The facts are not at all similar.

The motion for rehearing is overruled.

*Overruled.*