Tom Fuller v. The State.

No. 12160. Delivered October 17, 1928.
Rehearing denied November 14, 1928.

The opinion states the case.

*Arrington & Johnson* of Mineral Wells, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offense, the unlawful sale of intoxicating liquor; penalty, one year.

No statement of facts accompanies the record. The question is attempted to be raised that appellant was deprived of a statement of facts in the Court below. We find in the transcript an affidavit purporting to have been made under Art. 760, Subdivision 6, C. C. P., in part in the following language:

"Affiant states that he is too poor to pay said Reporter for preparing said statement of facts, and that he has no money with which to pay for same and is not able to pay for a transcript of the testimony."

The language of Art. 760, supra, which relates to this matter, is as follows:

"When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or *give security therefor,* he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant."

The above purported pauper's affidavit is fatally deficient in that affiant nowhere states in same that he was unable to "give security therefor." It neither complies with the letter of the statute, nor to what we believe to be the spirit of same. The appellant was represented by counsel and appeared to be able to give a recognizance bond on appeal and may have been amply able to give security for the transcript of the testimony to the stenographer and obviously the Court Reporter should not be forced under such circumstances to furnish him a transcript. If a proper affidavit had been filed, it was the duty of the trial judge to make the order provided for by the statute and this Court has exercised the authority compelling the Court Reporter to prepare a transcript of the testimony when a statutory affidavit has been filed in the court below. Ex parte Fread, 83 Tex. Crim. Rep. 465. Neither the trial court nor this Court would have the authority, in our opinion, to order this work done gratis if appellant was able to give security for the payment of the transcript of the testimony, and having failed to negative the existence of this fact, nothing is presented to us for review. It has been said: "In as much as the record fails to show that the order was made, this Court must assume that the affidavit was not called to the attention of the trial judge." Pedroza v. State, 263 S. W. 283. The transcript in this case wholly fails to show any order of record and being a court of record, we will presume that the trial judge failed to make any such order or if made orally, that same was rescinded, since he is presumed to have followed the law and not to have made any order based upon an affidavit wholly insufficient under the statute.

No bills of exception appear in the record and in the absence of a statement of facts nothing is presented for review and the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that his affidavit of inability to pay costs of a statement of facts on appeal, or to secure payment therefor, as provided in Art. 760 C. C. P., was sufficient even though same entirely omitted to state that he was unable "to give security therefor." It was otherwise held in Kelly v. State, 155 S. W. Rep. 225. We are not inclined to hold that the use of the singular number in Art. 760, supra, wherein the accused is required to make affidavit to such "fact," should be held to permit the inference that the Legislature intended to make an affidavit sufficient which merely alleged that the accused was unable to pay the costs, or that it intended to make said affidavit sufficient when the accused merely made affidavit that he was unable to give security for such costs.

No order of the trial court directing the stenographer to prepare and deliver to appellant or his attorney such statement of facts was ever entered in this case. Appellant and his attorney make affidavit supplementary to the original affidavit of inability, seeking apparently to supply by means of such affidavits the absence of the order referred to. Appellant's affidavit of inability was filed June 5th, thirty-eight days after the adjournment of the trial term of the court below, well within the ninety day period granted appellant within which to have such statement of facts filed. The affidavits referred to as supplementary were filed August 23rd, and after the expiration of said ninety day period. Neither in them, nor in any other part of this record is it shown that diligence was used to have the stenographer make out and deliver a statement of facts. Such diligence is necessary and must appear.

Passing for a moment the question of the insufficiency of the affidavit of inability, we note that this was not a capital case, and that appellant did not see fit to ask any mandamus of the trial court to compel the stenographer to make and deliver the statement of facts. Appellant had paid counsel apparently, and no effort on their part appears to prepare or present a statement of facts. Appellant is in no position to complain of the absence of such statement of facts. Wood v. State, 67 Texas Crim. Rep. 611; Lewis v. State, 87 Texas Crim. Rep. 200; Sisson v. State, 92 Texas Crim. Rep. 641.

We are still of the opinion that the affidavit of inability must contain all of the requirements laid down in the statute, and that the affidavit in this case does not comply with such requirements, but if

it did,—other things would have to appear in the way of diligence before the accused could obtain any relief from the situation which appears in this record.

The motion for rehearing is overruled.

*Overruled.*