ROBERT BELOTE V. THE STATE.

No. 15651.   Delivered March 1, 1933.
State's Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 161.

The opinion states the case.

*Sam H. Townsend,* of Lufkin, for appellant.

*W. E. Stone,* District Attorney, of Jacksonville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for a period of three years.

The trial took place on a plea of not guilty on June 7, 1932. The motion for new trial was overruled and notice of appeal

entered on June 9, 1932. On the 6th of August, 1932, appellant filed an affidavit of the inability to pay the cost of the preparation of the statement of facts. In the record there appears above the signature of the trial judge, dated August 9, 1932, the following order:

"THE STATE OF TEXAS V. ROBERT BELOTE.

"IN THE DISTRICT COURT OF ANGELINA COUNTY, NO. 4816.

"On this day, the 9th day of August, A. D., 1932, the affidavit of the Defendant, Robert Belote, being presented to me for the first time and complying with article 760 (6) Code Cr. Procedure for the procurement of Statement of Facts without payment of the fees therefor, the Official Court Reporter of this court is ordered to make up and deliver to the defendant a transcript of the testimony in narrative form.

"S. W. DEAN

"Judge 12th Judicial Dist. Presiding as Judge of the Dist. Court of Angelina County in the trial of the above cause.

"ENDORSED ON BACK AS FOLLOWS: No. 4816

"THE STATE OF TEXAS V. ROBERT BELOTE,

"FILED August 10th, 1932, Homer Garrison, Clerk, District Court, Angelina County, Texas."

In the transcript there appears a document showing R. B. Blake as the contestant, and addressed to the presiding judge of the court. The paper is too long to quote. However, the purport of it is to deny the existence of any law in force authorizing the court, under the circumstances, to make the order set out above, the contention being that in Senate Bill 110, (chapter 202), Acts of 39th Legislature, Regular Session, repealed article 760, section 6, C. C. P., 1925. We do not so understand the law. See Acts of 42d Legislature, 1st Called Session, p. 75, chapter 34. We will add, however, that the appellant having made application for a statement of facts in due time, his right to it would not be destroyed by the fact that the court reporter was delayed in preparing the statement of facts on account of other work of an official nature. That is to say, the failure to procure the statement of facts within the ninety days allowed by law, not being due to lack of diligence on the part of the appellant or his attorney, would not necessarily deprive him of the statement of facts. See Fowler v. State, 39 S. W. (2d) 621; Bolt v. State, 116 Texas Crim. Rep., 161. See, also, Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 132, art. 760, note 55.

The facts before the court are such as to require the decision that the appellant has been deprived of the statement

of facts without fault on his part, and for that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state in a motion for rehearing says this court failed to pass upon the issue of diligence of appellant in pursuing his remedy to secure a statement of facts and refers us to Wood v. State, 67 Texas Crim. Rep., 609, 150 S. W., 194, in which it was said that although the trial judge may have made an order directing the court reporter to furnish an indigent defendant with a statement of facts, this court would not hold diligence sufficient unless the order was followed with mandamus proceeding against the reporter to compel compliance with the order. A similar intimation is found in Peddy v. State, 63 Texas Crim. Rep., 483, 140 S. W., 229. We note that in neither of the cases mentioned had the trial court entered an order directing the court reporter to furnish the statement of facts. Under the circumstances we would not regard the suggestions relating to mandamus proceeding as binding even under the statute then in force relative to statement of facts, and would not be inclined to follow it. Under the statute now controlling (article 760, subdivision 6, C. C. P.) we think our holding in Ex parte Fread, 83 Texas Crim. Rep., 465, 204 S. W., 113; Ballinger v. State, 110 Texas Crim. Rep., 148, 8 S. W. (2d) 159; Knox v. State, 22 S. W. (2d) 932; Banks v. State, 114 Texas Crim. Rep., 219, 21 S. W. (2d) 517, is correct. The case of Fuller v. State, 110 Texas Crim. Rep., 631, 10 S. W. (2d) 556, is called to our attention in the motion. Nothing in that case is contrary to what was said in our original opinion. In Fuller's case the affidavit did not comply with the statute in that it omitted to state that accused could not *give security* to pay for the statement of facts. The record in that case also failed to show that the trial court ever entered an order on the affidavit.

The motion for rehearing is overruled.

*Overruled.*