## R. R. WILLIAMS v. THE STATE.

No. 18839.   Delivered February 24, 1937.

The opinion states the case.

*Frank Judkins,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over the value of fifty dollars, punishment assessed at two years in the penitentiary.

No statement of facts is in the record.

It appears from the transcript that appellant made an affidavit complying with the provisions of sub-division 6 of Art. 760, C. C. P., that he was not able to pay for a transcript of the testimony in said cause, nor was he able to give security therefor. That portion of said article which is applicable here reads as follows:

"When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the

making of such affidavit, the could shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant * * *"

The court reporter controverted this affidavit and the court made an order stating that in his opinion appellant was not entitled to have the court reporter furnish him with a statement of facts. He denied the request of appellant, stating that it was the opinion of the court that appellant was able to pay for a statement of facts.

In Ex parte Fread, 83 Texas Crim. Rep., 465, 204 S. W., 113, we discussed a similar question under the statute as it existed at that time, which was Art. 845A, C. C. P., which in its language was very similar to the language of the present Art. 760. It was said in that opinion:

"We are of opinion that under this section of the law, article 845a, there is imposed a mandatory duty upon the trial court to make the order requiring the court stenographer to prepare the transcript and a mandatory duty likewise upon the stenographer to do so. The statute does not leave it discretionary with the trial judge or within his discretion to determine whether an affidavit is true or not. It in terms names the remedy in the following language: 'Provided, that should any such affidavit so made by such defendant be false he shall be prosecuted and punished as is now provided by law for making false affidavits.' He makes the affidavit at his peril. The statute then commands the district judge to direct and the stenographer to comply with the request. If the affidavit is untrue, it becomes the duty of the prosecuting officers to institute a prosecution or of the trial judge to direct the attention of the grand jury to the matter and the truth or falsity of the affidavit will be determined by a jury in a criminal proceeding."

The opinion in Fread's case has been consistently followed, the last opinion being Alexander v. State, 94 S. W. (2d) 175. See, also, Banks v. State, 114 Texas Crim. Rep., 219, 21 S. W. (2d) 517; and Belote v. State, 123 Texas Crim. Rep., 468, 59 S. W. (2d) 161; Ballinger v. State, 110 Texas Crim. Rep., 148, 8 S. W. (2d) 159; Knox v. State, 113 Texas Crim. Rep., 373, 22 S. W. (2d) 932.

Since the opinions referred to there has been no change in the law regarding the right of appellant desiring to appeal his case from having a statement of facts upon making an affidavit in compliance with the statute. As we understand it, the matter does not now rest in the discretion of the judge

to refuse a statement of facts when the affidavit complies with the statute. If appellant made a false affidavit he may be proceeded against as suggested in Fread (supra). We feel constrained under our previous holdings to order a reversal of the judgment because appellant has been denied a statement of facts, and it is so ordered.

*Reversed.*