## N. F. FREEMAN v. THE STATE.

No. 19653. Delivered April 13, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*Robert P. Brown,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for receiving stolen property; penalty assessed at confinement in the penitentiary for two years.

The indictment appears regular and properly presented.

The evidence adduced upon the trial is not brought forward for review. There appears in the transcript the affidavit of the appellant stating that he is unable to pay for a copy of the statement of facts or give security therefor. This affidavit was presented to the trial judge on February 16, 1938, who directed that the official court reporter prepare and file a copy of the statement of facts without charge to the appellant. We find in the record the affidavit of the official court reporter, dated February 21, 1938, in which it is stated that the affidavit of the appellant was filed on the eighty-fifth day after the date of the overruling of the motion for new trial; that since the filing of the affidavit by the appellant, the court reporter had been engaged for two days in the trial of a civil suit; that one day intervening was Sunday; that after the filing of the appellant's affidavit it was physically impossible for the court reporter to prepare the statement of facts within the ninety-day period required by law. The affidavit of the court reporter is substantiated by the written statement of the trial judge, from which we quote as follows: "The Court is familiar with all the facts and circumstances in this matter and here now finds that it was physically impossible for the Court Reporter to prepare the statement of facts in this case within the time prescribed by law, after the order requiring the same to be made was entered by the Court."

The rule is well settled that the appellant must exercise diligence in having the court reporter prepare and deliver a statement of facts. In the present instance, no reason is advanced for the failure of appellant to file his affidavit within such time as to enable the court reporter to prepare and file

the statement of facts within the ninety days required by law. Among the precedents on the subject are Fuller v. State, 110 Texas Crim. Rep. 631, 10 S. W. (2d) 556; Murphy v. State, 91 S. W. (2d) 738; Capps v. State, 93 S: W. (2d) 407; Francis v. State, 106 S. W. (2d) 279. See also Tex. Jur., Vol. 4, p; 418, Section 286.

In the absence of the statement of facts, this Court is unable to appraise the three bills of exception found in the transcript. See Tex. Jur., Vol. 4, p. 234, Section 167; Jackson v. State, 79 S. W. (2d) 1046; Woods v. State, No. 19407, not yet reported. [134 Texas Crim. Rep. 206.]

Having perceived no error authorizing a reversal of the conviction, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—In his motion for rehearing, appellant contends that we erred in our original opinion in an affirmance of this case. We have again reviewed the record in the light of his motion and see no reason for receding from our position as expressed in the original opinion.

The motion for a rehearing is overruled. ·

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.