## WILEY RICE v. THE STATE.

No. 19886. Delivered June 15, 1938.
On motion for rehearing October 26, 1938.
On State's motion for rehearing December 7, 1938.

The opinion states the case.

*L. R. Blake,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for ten years.

The indictment appears regular and properly presented. The record is before us without bills of exception or statement of facts. However, in a supplemental transcript we find the affidavit of the official court reporter and the certificate of the trial judge to the effect that the statement of facts was prepared by the court reporter in response to the pauper's oath filed by the appellant and delivered to counsel for appellant within the ninety-day period, but that the statement of facts was never presented to the district attorney nor to the trial judge for approval. Under the circumstances, we do not think the appellant used the diligence required by law to obtain the statement of facts within the statutory time. See 4 Tex. Jur., p. 418, Section 286, and cases collated.

No matter having been presented by the record before us which would authorize a reversal of the conviction, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On the original submission of this case, we affirmed the judgment of the trial court because

the record was before us without a statement of facts. In his motion for rehearing, duly verified, appellant charges that on February 5, 1937, the court overruled his motion for new trial; that he gave notice of appeal to this Court and on the same day filed his pauper's affidavit requesting the court to direct the court reporter to make a narrative statement of the facts and deliver it to him, since he was unable to pay for the same or give security therefor.

It appears from the affidavit of appellant's attorney that upon the filing of the pauper's affidavit, the trial court invited the reporter to contest said affidavit; that upon the hearing thereof, the court directed the reporter to make a narrative statement of facts and hold it for 80 days in order to give appellant time to make some payment thereon. At the end of the 80-day period, the reporter forwarded the statement of facts by express to the appellant's attorney in Houston, to be delivered upon the payment of five dollars. The attorney declined to pay the amount as shown by a copy of a delivery sheet of the express company attached to the motion bearing date May 4, 1938. By reason thereof, the statement of facts was not delivered to appellant or his attorney until 96 days after notice of appeal, which was too late to be filed within the time prescribed by law.

The clerk of the trial court has forwarded to this Court certified copies of the trial court's findings, together with an affidavit of the court reporter, to the effect that the reporter made a statement of facts and forwarded the same by express to the appellant's attorney in time to have it examined, approved and filed with the clerk of the trial court within 90 days. Presumably this is intended as a supplemental transcript from which it appears that the court found that the facts stated in the affidavit of the reporter are true, and further found that the statement of facts was never presented by the appellant or his attorney for approval.

The reporter's affidavit is more a statement of a conclusion than a statement of the facts as it relates to the time of sending it by express to the appellant's attorney and is silent as to whether it was sent subject to a charge of five dollars.

Section 6 of Article 760, C. C. P., reads as follows: "When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the making of such

affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant."

In the case of Williams v. State, 102 S. W. (2d) 228, this Court, speaking through Judge HAWKINS, said: "We are of the opinion that under this section of the law there is imposed a mandatory duty upon the trial court to make the order requiring the court stenographer to prepare the transcript and a mandatory duty likewise upon the stenographer to do so."

It will be noted that no contest of the affidavit is provided by the statute and the matter is not left to the discretion of the court as to whether he will require the stenographer to make a transcript without charge or for partial charge to the defendant. The court was not authorized by law to direct the reporter to hold the statement of facts for 80 days, nor was the reporter legally authorized to require the appellant or his attorney, as a condition precedent to its delivery, to pay him five dollars. When the reporter sent the statement of facts by express with a $5.00 charge as a condition precedent to its delivery, he failed to comply not only with the court's order but with the law; and when he declined to release it without the payment of the charge until after the time prescribed by law within which it might be filed had expired, he unlawfully deprived appellant of his statement of facts.

Since the appellant has been deprived of his statement of facts without fault or negligence on his part, the motion for rehearing will be granted, the order of affirmance set aside, and the judgment of the trial court reversed and the cause remanded. It is so ordered.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The district attorney has filed an unverified motion for rehearing on behalf of the State. The motion contains many averments relating to the statement of facts which can not be considered further than as they may be supported by the affidavit of the court reporter attached to the motion and made a part thereof.

Both in our original opinion of affirmance and in the opinion on motion for rehearing reversing and remanding the judgment of the lower court, reference was made to the findings of the trial judge regarding the statement of facts, which findings are incorporated in what is denominated a supplemental transcript.

We observe now a fact which seems to preclude consideration of such findings. The trial term of court adjourned on the 5th day of February. Another term of court did not convene until the first Monday in June. The trial court's findings appear to be dated on the 16th day of May, which was evidently in vacation, and a proceeding thus had in vacation can not properly be made a part of the record in this cause. The question of delay in delivering to appellant's attorney the statement of facts must be determined by this Court upon proper affidavits filed here.

When the pauper's affidavit was filed by appellant in the lower court advising the trial judge that appellant was unable to pay for the statement of facts or give security therefor, it did not lie within the discretion of the trial court to hear a contest thereon under the present statute. See Ballinger v. State, 110 Texas Crim. Rep. 148, 8 S. W. (2d) 159; Banks v. State, 114 Texas Crim. Rep. 219, 21 S. W. (2d) 517; Brown v. State, 128 Texas Crim. Rep. 579, 83 S. W. (2d) 323; Cline v. State, 127 Texas Crim. Rep. 469, 77 S. W. (2d) 876; Williams v. State, 102 S. W. (2d) 228. The averment in the affidavit of appellant's attorney that when the court directed the court reporter to make the statement of facts he directed the reporter to hold same for 80 days, suggesting to appellant's wife that she make an effort to pay something to the reporter for the statement of facts, is not denied by anyone under oath, the reporter only going so far as to say in his last affidavit which is attached to the State's motion for rehearing, that he has no recollection of any such statement being made. The letter of said reporter to appellant's attorney to the effect that if he would send five dollars to said reporter it would be satisfactory is rather corroborative of the claim that said statement was made. In the affidavit of said reporter attached to the State's motion for rehearing the reporter says that said letter was only a "bluff," and claims that the delay in getting the statement of facts into the hands of appellant's attorney was occasioned by the reporter's ill health, and a mistake on the part of the express company in demanding of said attorney payment of the small express charges before delivery of the statement of facts. He denies that a delivery was conditioned on a C. O. D. charge of five dollars. It was held in Little v. State, 131 Texas Crim. Rep. 164, 97 S. W. (2d) 479, that a reversal would result in the absence of a statement of facts where the defendant and his counsel were diligent in an effort to secure same, and the failure to obtain it was occasioned by the death of the court reporter who had taken the testimony.

It is always to be regretted when this Court is embarrassed by such questions as are here presented. In such cases we think the announcement in the opinion on rehearing in Gilley v. State, 112 Texas Crim. Rep. 9, 13 S. W. (2d) 706, should control, viz.: "One desirous of having the correctness of his trial reviewed on appeal should have the prompt and willing assistance of all officials who have duties in connection with the preparation of the record in such case, and, if there be doubt as to the exact attitude of any step in such preparation for appeal, we deem it should be resolved in favor of the accused."

Whatever may have caused the delay in getting the statement of facts into the hands of appellant's attorney until after the 90 days for filing same had expired, it is quite certain that it was not because of any fault or negligence of appellant or his attorney. They had brought themselves under the letter and spirit of the law in the prompt filing of the pauper's affidavit, and calling same to the attention of the court. Under the circumstances there seems no other course for us to pursue than to make application of the principle quoted from Gilley v. State (supra), with the expression of a hope that the same embarrassing situation will not arise often hereafter.

The State's motion for rehearing is overruled.