SHADY WALLACE v. THE STATE.

No. 20725.   Delivered February 14, 1940.
On Appellant's Motion to Reinstate Appeal March 20, 1940.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of three years.

It appears from the record that this Court has not acquired jurisdiction because of a defective appeal bond. The record shows that at the time the indictment was returned by the grand jury, the Hon. Walter G. Russel was the regularly qualified and acting judge of the 7th Judicial District. That Bascom Gist was the District Attorney in and for said district. That at the trial, Judge B. W. Patterson presided instead of Judge Russel. Just why Judge Patterson was called upon to preside

does not appear from the record. However, after the trial, Bascom Gist, the district attorney, was duly appointed judge of said district.

It appears that the appeal bond is approved by the sheriff of Smith County and Judge Gist. We do not think that Judge Gist could legally approve the bond, since he had been an attorney in the case and his act would involve the exercise of judicial discretion. He had to hear evidence as to the solvency of the sureties, what property they had in excess of that exempted from forced sale, its value, etc. If this act had been merely ministerial, a different question might have been presented. See Art. 5, Sec. 11 of the Texas Constitution; 25 Texas Juris., p. 301; Taylor v. State, 81 Tex. Crim. Rep., 359; Patterson v. State, 83 Tex. Crim. Rep., 169; Wells v. State, 68 Tex. Crim. Rep., 277, 150 S. W., 1163; Arts, 818, 268, 271 and 272 C. C. P.; Ex Parte Williams, 116 Tex. Crim. Rep., 125. This leaves the appeal bond signed only by the sheriff and this is not sufficient. See Perkins v. State, 298 S. W., 577; Gonzales v. State, 298 S. W., 893; Lamar v. State, 40 S. W. (2d), 162; Harlan v. State, 32 S. W. (2d) 184.

From what has been said it follows that the appeal in this case must be dismissed and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

This cause was originally dismissed because of a defective bail bond. The record has been perfected in this respect, the appeal is reinstated and the case will now be disposed of on its merits.

Appellant contends that he was deprived of a statement of the facts without fault on his part. It will be noted from the original opinion herein that appellant was tried before the Hon. B. W. Patterson, Regular Judge of the 88th Judicial District, who was sitting in this cause for the Hon. Walter G. Russel, then the regular Judge of the 7th Judicial District of which Smith County is a part. Shortly after appellant's trial, Mr. Bascom Gist, who was then the District Attorney for Smith County, became District Judge by appointment to succeed Judge Russell on his resignation. It seems that upon the conclusion

of the appellant's trial, Judge Patterson resumed his official duties in his own judicial district.

Appellant, in due time, prepared and filed with the clerk of said court an affidavit in which he alleged that he was financially unable to pay for a statement of the facts and transcript or give security therefor. He called Judge Gist's attention thereto several times and requested that he make an order requiring the court reporter to make a statement of the facts proved upon the trial. Judge Gist seems to have been under the impression that appellant would have to present the same to Judge Patterson, who presided over the trial, or to Judge Russel, who was at the time of appellant's trial, the regular judge of said Court. This appellant failed to do, evidently believing that the order could be made by Judge Gist.

Art. 5, Sec. 11 of the Texas Constitution provides among other things as follows: "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, OR WHEN HE SHALL HAVE BEEN COUNSEL IN THE CASE. * *" This provision has been construed to mean that the incapacity of the disqualified judge extends to *any action with reference to a case involving the exercise of judicial discretion.* In short, such a judge may perform purely *ministerial acts, but* not any acts involving the exercise of judicial discretion. See Taylor v. State, 81 Tex. Crim. Rep., 359, 195 S. W. 1147, Patterson v. State, 83 Tex. Crim. Rep., 169, 202 S. W. 88, Cock v. State, 8 Crim. App. 659; 25 Tex. Juris., 301 and authorities there cited.

Assuming that appellant has used that degree of diligence required by law in attempting to secure a statement of the facts, the question then arises whether the action of Judge Gist in entering an order requiring the court reporter to make a statement of facts would be the performance on his part of a purely ministerial act, or would be one involving the exercise of judicial discretion. If his action were purely ministerial, then he might enter the order, notwithstanding the fact that he had been an attorney in the case. If his action involved the exercise of judicial discretion, then he could not enter said order, since under the Constitution and law he would be disqualified.

We are of the opinion that the order here requested did not involve the exercise of judicial discretion but was a ministerial act. Therefore when appellant notified Judge Gist that the affidavit had been filed and requested him to make an order

directing the court reporter (who was then under his control and direction) to prepare a statement of the facts, Judge Gist should have complied with the request. This court has held an appellant's right to a statement of facts, upon proper presentation of a pauper's affidavit, to be absolute, and that no discretion was invested in the trial court to refuse the same. See Art. 760, sec. 6 C. C. P., Ex Parte Fread, 83 Tex. Crim. Rep., 465, 204 S. W., 113; Ballinger v. State, 8 S. W. (2d), 159; Rice v. Roberts, 177 S. W. 149; Rice v. State, 135 Tex. Crim. Rep., 626, 122 S. W. (2d), 194; Williams v. State, 102 S. W. (2d) 228 where the authorities are collated.

Under the circumstances reflected by this record, we think appellant would not be required to have such ministerial act performed by the Judge who tried the cause. Since it appears that appellant made serveral requests without success to have Judge Gist make the desired order, we are of the opinion that appellant did everything required of him by the law in order to obtain a statement of facts. The object and purpose of the law is to accord to everyone convicted of an offense denominated a felony, no matter how poverty stricken such person may be, the right of an appeal and to have his case properly presented to this court for review.

Having reached the conclusion that appellant was deprived of a statement of the facts without any fault on his part, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.