JOHN RICHARD HARWELL V. THE STATE.

No. 22888. Delivered June 7, 1944.
Rehearing Denied October 18, 1944.

The opinion states the case.

*Currie McCutcheon,* of Dallas, and *Clyde F. Winn,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

. GRAVES, Judge.

Appellant was convicted of murder with malice, and given a sentence of ten years in the penitentiary.

On December 30, 1943, appellant's motion for a new trial was overruled and he gave notice of appeal to this court, and was allowed 60 days in which to prepare and have approved a statement of facts and bills of exceptions.

On February 1, 1944, he filed a pauper's oath, stating that he was too poor to pay the court reporter the costs for preparing a statement of facts, and could not give security therefor, and requested the trial court to order the reporter to prepare such statement. On the 11th day of February, 1944, the trial court heard this motion and overruled same, and refused to enter an order as prayed for.

Therefore this cause is before us with no statement of facts. We are not apprised upon what grounds the trial court overruled such motion.

The State's attorney before this court files an interesting brief herein in which he quotes Art. 760, subdiv. 6, C. C. P., and we quote therefrom: " 'When, any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant'."

The court made an order stating, "The court having heard said motion is of the opinion that the same be and is hereby overruled," to which action and ruling of the court the defendant excepted.

In Williams v. State, 102 S. W. (2d) 228, Judge Hawkins discussed a similar question, in which he held that when the provisions of Subdivision 6 of Article 760 have been complied with there is imposed a mandatory duty upon the trial court to make the order requiring the court stenographer to prepare the transcript and a mandatory duty likewise upon the stenographer to do so. The statute does not leave it discretionary with the trial judge, or within his discretion to determine whether an affidavit is true or not.

In Rice v. State, 122 S. W. (2d) 194, 196, Judge Hawkins, writing on State's motion for rehearing, stated:

"When the pauper's affidavit was filed by appellant in the lower court advising the trial judge that appellant was unable to pay for the statement of facts or give security therefor, it did not lie within the discretion of the trial court to hear a contest thereon under the present statute. See Ballinger v. State, 110 Tex. Cr. R. 148, 8 S. W. (2d) 159; Banks v. State, 114 Tex. Cr. R. 219, 21 S. W. (2d) 517; Brown v. State, 128 Tex. Cr. R. 579, 83 S. W. (2d) 323; Cline v. State, 127 Tex. Cr. R. 469, 77 S. W. (2d) 876; * * *."

The State's attorney confesses error herein, and we agree with him that such error is present.

On account of appellant being deprived of a statement of facts in the record, this judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

The State insists that appellant was able to pay for the statement of facts and that the evidence heard upon that issue was sufficient to warrant the trial court in so concluding.

As pointed out originally, the making of the affidavit required by Art. 760, Sec. 6, C. C. P., fixed appellant's rights to a statement of facts and the trial court was without authority to entertain a challenge of the facts therein sworn to.

The wisdom of legislation is for the legislature—not the courts.

The State's motion for rehearing. is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.