## RUDY BENITO ZAMORA v. STATE

No. 29,114. June 26, 1957.
State's Motion for Rehearing Overruled October 16, 1957
State's Second Motion for Rehearing Overruled January 29, 1958
State's Third Motion for Rehearing Overruled
(Without Written Opinion) February 19, 1958.

*Sam L. Harrison* and *Joe Burkett,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Roy R. Barrera* and *Edward R. Finck, Jr.,* Assistants Criminal District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for possession of marihuana; the punishment, 40 years in the penitentiary.

No statement of facts on the merits accompanies the record.

There are no formal bills of exception.

Appellant contends that he has been deprived of a statement of facts without fault on his part.

Sentence was pronounced upon the appellant February 15, 1957.

Notice of appeal was properly given February 15, 1957.

A pauper's affidavit appears in the transcript and it in part reads as follows:

"Comes now Rudy Benito Zamora, defendant in the above entitled and numbered cause, who after being by me duly sworn, deposes and says: My name is Rudy Benito Zamora; I am the defendant in the above entitled and numbered cause; I am desirous of appealing to the Court of Criminal Appeals, my conviction in the trial court and am without finances with which to pay the court costs and the reporters fees. I have no finances, no property nor assets in anything and have been unable to raise the necessary funds with which the prefect my appeal, by making any sort of loan, and now requests this Court to order a statement of facts prepared, approve same and have same transmitted to the Court of Criminal Appeals."

Said pauper's affidavit was duly presented to the trial judge in open court on May 7, 1957.

Appellant's request of the trial court in the pauper's affidavit to order a statement of facts prepared was refused by a written order signed by the trial judge and entered of record on May 9, 1957, to which action and ruling of the court the appellant excepted.

Art. 759a, Sec. 5, Vernon's Ann. C.C.P., provides:

"When a defendant in a felony case appeals and is not able to pay for a Transcript of the evidence, he shall make an affidavit of such fact and upon the making of such affidavit the court shall order the official court reporter to make a Statement of Facts in narrative or question and answer form, as the defendant in said affidavit shall request. For each said service he shall be paid by the State of Texas, upon certificate of the trial judge, one-half (½) of the rate provided by law in civil cases."

The statute when complied with imposes a mandatory duty upon the trial court to make and enter an order requiring the court reporter to prepare the transcript of the evidence. The statute does not place it within the discretion of the trial judge to determine whether the affidavit is true or false or whether there is remaining time within the ninety days from the date of giving notice of appeal within which to prepare the transcript of the evidence.

In Wallace v. State, 138 Texas Cr. Rep. 625, 138 S.W. 2d 116, under similar facts, we said:

"We are of the opinion that the order here requested did not involve the exercise of judicial discretion but was a ministerial act. Therefore when appellant notified Judge Gist that the affidavit had been filed and requested him to make an order directing the court reporter (who was then under his control and direction) to prepare a statement of facts, Judge Gist should have complied with the request. This court has held an appellant's right to a statement of facts, upon proper presentation of a pauper's affidavit, to be absolute, and that no discretion was invested in the trial court to refuse the same. See Art. 760, sec. 6, C.C.P.; Ex parte Fread, 83 Texas Cr. Rep. 465, 204 S.W. 113; Ballinger v. State, 110 Texas Cr. Rep. 148, 8 S.W. 2d 159; Rice v. Roberts, Texas Civ. App., 177 S.W. 149; Rice v. State, 135 Texas Cr. Rep. 626, 122 S.W. 2d 194; Williams v. State, 132 Texas Cr. Rep. 60, 102 S.W. 2d 228 where the authorities are collated."

See also Harwell v. State, 147 Texas Cr. Rep. 505, 182 S.W. 2d 713.

We are aware of no law granting authority to the trial judge to hear evidence on the question of whether or not he should order the court reporter to prepare a statement of facts in a

criminal case. We must therefore decline to consider the testimony adduced upon said hearing as to the length of time that would be required to prepare such statement of facts.

The trial judge having refused to direct the court reporter to prepare a statement of facts has deprived appellant of a statement of facts and this court of the opportunity to pass upon whether the delay in filing the affidavit was excusable had the statement of facts been completed and filed after the expiration of ninety days after the notice of appeal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Presiding Judge, dissenting.

I regret that I must dissent in a case of this nature. I am fully committed to the proposition that every accused regardless of his financial condition should be accorded a full review of his conviction by this court. I am also committed to the proposition that an attorney should not secure the reversal of a conviction against his client by the very act of failing to properly look after his client's interests.

None of the cases cited in the majority opinion are analagous to the case before us here, nor do they support the statement in the majority opinion that "the statute does not place it within the discretion of the trial judge to determine * * * whether there is remaining time within the ninety days from the date of giving notice of appeal within which to prepare the transcript of the evidence." Let us see what happened in this case.

Appellant was represented by two attorneys of his own choosing and on December 15, 1956, was convicted in the trial court. On December 21, motion for new trial was filed, and the amendment of such motion was overruled on February 15, 1957, and notice of appeal was given. Shortly thereafter, the court reporter informed appellant's attorney Harrison that the record in such case would require thirty days, day and night work, on his part to prepare. Thereafter, the reporter saw attorney Harrison often about the courthouse but heard nothing further from him about the case until May 6, 1957, at which time Harrison instructed him to proceed with the preparation of the statement of facts. The court reporter informed Harrison that only seven days remained and that it would·be physically impossible for

him to complete the statement of facts within the ninety days required by law.

On May 7, a pauper's affidavit was presented to the trial judge. The court declined to order the reporter to proceed and recited the following three reasons for his ruling:

"1)   That the defendant has failed to prove that he is without assets;

"2)   That no proper diligence has been shown; and

"3)   That Counsel of his own choosing had been advised that it would take 30 days in which to prepare the record in this case, and that it is physically impossible for the reporter to prepare a record in the seven remaining days of the ninety days allowed by the Court in its order of February 15, 1957."

While it is true that the trial court fell into error in attempting to pass upon the merits of the pauper's affidavit and therefore was in error in his reason No. 1, the real question before us is whether or not any of the reasons assigned were sound.

It should be remembered that it is uncontroverted in the record before us that it would have required the court reporter thirty days to prepare the statement of facts and that he advised appellant's counsel of such fact in February but that appellant's counsel made no request of the reporter until May 6 and made no effort to enlist the aid of the court until May 7.

The majority overlook the case of Freeman v. State, 135 Texas Cr. Rep. 50, 117 S.W. 2d 93. In that case, the affidavit was filed on the 85th day after the overruling of the motion for new trial. In the case at bar, it was filed on the 83rd day. In that case, as in this, it was physically impossible for the court reporter to prepare the statement of facts within the time prescribed by law. In the Freeman case, this court affirmed the conviction and said, "No reason is advanced for the failure of the appellant to file his affidavit *within such time as to enable the court reporter to prepare and file* the statement of facts within the 90 days required by law."

If there appears a valid "reason" in the case at bar, the majority have not pointed it out in their opinion.

A reversal of this conviction because the accused has been

deprived of a statement of facts will, I fear, place a premium upon lack of diligence and encourage all counsel to wait until the last hour before taking any positive steps toward securing a statement of facts and then ask this court to reverse the conviction because he has been deprived of what he made no serious effort to secure in the first place.

I respectfully dissent.

### ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge.

When appellant filed the affidavit that he was unable to pay for a transcript of the evidence, he did all that the statute (Art. 759a, Vernon's C. C. P.) required. His right to the statement of facts was then complete, for the trial court had authority to perform the ministerial act of entering the order for the court reporter to make the statement of facts. Wallace v. State, 138 Texas Cr. Rep. 625, 138 S.W. 2d 116.

The trial court refused to enter the order for the court reporter to make the statement of facts and, so far as this record is concerned, has not yet entered such order.

Until the trial court orders the court reporter to prepare the statement of facts in this case, the appellant has been deprived of a right expressly and unqualifiedly given him by the statute laws of this state.

It must be remembered that any issue arising to justify or excuse the failure to file a statement of facts in the trial court is one addressed to the discretion of this court.

Under the record here presented, we are constrained to agree that appllant was unjustly deprived of a statement of facts.

Accordingly, the state's motion for rehearing is overruled.

### ON STATE'S SECOND MOTION FOR REHEARING

WOODLEY, Judge.

Supplemental transcript has been filed which shows that on October 16, 1957, an order was entered by the trial judge directing the court reporter to prepare a statement of facts with all deliberate speed.

No statement of facts having been filed within ninety days after this order was entered it is apparent that an earlier filing of the affidavit of inability to pay for a statement of facts during the original ninety day period would not have resulted in its preparation in time to be filed within that period.

The state's second motion for rehearing is overruled.