John WARMINSKI, Relator,

v.

Honorable James F. DEAR, Jr., Judge 126th. Judicial District Court, Respondent.

No. 65190.

Court of Criminal Appeals of Texas, En Banc.

Oct. 15, 1980.

Rehearing Denied Dec. 10, 1980.

Kenneth E. Houp, Jr., Austin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The question presented is whether the relator may compel the respondent by writ of mandamus to furnish him a transcription of the court reporter's notes (statement of facts) without cost for the purpose of his criminal appeal.

The relator was found guilty by a jury of attempted capital murder, and his punishment was assessed at ten (10) years' imprisonment by the court. He gave notice of appeal after the formal pronouncement of sentence on April 23, 1980. On April 28, 1980, relator filed an affidavit requesting a transcription of the court reporter's notes without charge because of his indigency. The affidavit was expressly filed pursuant to Article 40.09, § 5, V.A.C.C.P.

On June 11, 1980, the respondent conducted a hearing upon relator's affidavit as contemplated by Article 40.09, § 5, supra. Prior to the hearing, relator insisted that the court had no discretion except to order,

without a hearing, a transcription of the court reporter's notes since his affidavit was uncontested and not controverted. Relator cited and relied upon Articles 38.02 and 40.10, V.A.C.C.P., and Rule 355 of the Texas Rules of Civil Procedure. The respondent overruled relator's contention, conducted a hearing on relator's affidavit of indigency after which, exercising his discretion, the respondent denied the relief requested.

Prior to the 1965 Code of Criminal Procedure, the former Code of Criminal Procedure (1925) in Article 759a, § 5, provided:

> "When a defendant in a felony case appeals and is not able to pay for a transcript of the evidence, he shall make an affidavit of such fact and upon the making of such affidavit the court shall order the official court reporter to make a Statement of Facts in narrative or question and answer form, as the defendant in said affidavit shall request...."

Based on the wording of said statute, this court held in *Zamora v. State*, 309 S.W.2d 447 (Tex.Cr.App.1957), that the trial judge had no right to conduct a hearing, hear evidence nor to determine whether the indigency affidavit was true or false. And if the trial court heard evidence, it would not be considered by the appellate court. Under the statute, the trial court had no discretion except to order the court reporter to furnish a transcript of the evidence when the affidavit was filed stating the defendant was unable to pay for or give security for the transcript.[1]

Article 40.09, § 5, V.A.C.C.P., 1965, was spawned in the wake of *Zamora* and provided in part:

> "... The court *will order* the reporter to make such transcription without charge to defendant *if the court finds after hearing in response to affidavit* by defendant that he is unable to pay or give security therefor...." (Emphasis supplied.)

[1.] No reference in *Zamora* was made to the then Articles 704 and 760c, V.A.C.C.P., 1925, which resurfaced in the 1965 Code of Criminal Proce-dure with cosmetic alterations as Articles 38.02 and 40.10, V.A.C.C.P.

■ The thrust of the reform was to submerge the hard effect of *Zamora* in criminal cases. No longer was a filed affidavit of indigency, standing alone, sufficient to trigger an automatic order requiring a free transcription of the court reporter's notes. Any order for a free transcription was to be entered in the discretion of the trial court after a finding following a hearing in response to the indigency affidavit. The trial court's hands were no longer tied, and lack of controversion or agreement of parties was not controlling. Such reform procedure was in direct answer to *Zamora* and designed for criminal appeals where there is a large volume of indigency affidavits filed for the purpose of appeal. The 1965 reform has served us well in criminal cases since its advent as demonstrated by many appeals.

In the instant case, the trial court conducted a hearing upon the affidavit as provided in Article 40.09, § 5, supra, and after hearing evidence, exercised its discretion and denied relief. While this court has the authority to issue the writ of mandamus in criminal cases, Article V, § 5, Texas Constitution, the writ of mandamus will not be issued in the instant case under the circumstances.

Relator, represented by retained counsel, apparently apprehensive that his evidence of indigency wouldn't float during an indigency hearing, argued to the trial court and now to this court that the situation is controlled by Rule 355 of the Texas Rules of Civil Procedure in light of Articles 38.02 and 40.10, V.A.C.C.P., and that since the State had not controverted his affidavit as required by Rule 355, he was entitled to a free record without a hearing as the court had no discretion, and he argues to this court that since no discretion was involved he is entitled to the granting of his application for writ of mandamus.

Article 38.02, supra, provides:

"The *rules of evidence* prescribed in the statute law of this State *in civil suits shall*, so far as applicable, *govern* also in *criminal actions when not in conflict with*

*the provisions of this Code or of the Penal Code."* (Emphasis supplied.)

Article 40.10, supra, provides:

"The *provisions of the rules of civil procedure, insofar as the same are applicable and not in conflict with the provisions of this Code,* as such rules now exist or may hereafter exist, *shall govern* bills of exceptions and *statements of fact."* (Emphasis supplied.)

Rule 355 of the Texas Rules of Civil Procedure provides:

"(a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal by filing with the clerk his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.

"(b) The appellant or his attorney shall forthwith give notice of the filing of such affidavit to the opposing part or his attorney.

"(c) Any interested officer of the court or party to the suit, may, by sworn pleading, contest the affidavit within ten days after the giving of such notice whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set the contest for hearing and the clerk shall give the respective parties notice of such setting.

"(d) Upon such hearing the burden of proof shall rest upon the appellant to sustain the allegations of his affidavit.

"(e) Where no contest is filed in the allotted time the allegations of the affidavit shall be taken as true.

"(f) Where the appellant is able to pay or give security for a part of the costs of appeal he shall be required to make such payment or give such security (one or both) to the extent of his ability."

■ Article 38.02, supra, provides only that the civil rules of evidence shall govern in criminal cases when not in conflict with the Penal Code and the Code of Criminal Procedure. Rule 355 is a rule of procedure for an indigent appellant in a civil case who contends he is unable to pay "costs of ap-

peals." It is not a rule of evidence, and Article 38.02, supra, does not make Rule 355 applicable to criminal cases even in absence of a conflict, which, of course, there is. Article 40.10, supra, does provide that the rules of civil procedure apply to criminal cases where there is no conflict with the Code of Criminal Procedure. Obviously there is a conflict between Rule 355 and Article 40.09, § 5, V.A.C.C.P. Rule 355, designed for civil cases, deals with "costs of appeal" and requires an affidavit, the giving of notice, the requirement of controversion and cuts the court off from a hearing if no contest had been filed. Article 40.09, § 5, supra, relates only the furnishing of a free transcription of the court reporter's notes. No notice is required, no controversion is required, and the court is to hold a hearing in response to the affidavit and make a finding. The court's authority to hold a hearing is not cut off by the lack of controversion, etc. It was designed for criminal cases and in particular to overcome the harshness of the *Zamora* case.

Therefore neither Article 38.02 nor Article 40.10, V.A.C.C.P., make said Rule 355 applicable to criminal cases. To embrace these statutes and said rule would only roll us backward to the dangerous shallows and shoals of Point Zamora.

■ Under Article 40.09, § 5, supra, the court has the authority to inquire into the truthfulness of the affidavit. The court is not faced with a mere ministerial act because no controversion had been filed by the State. Thus the application for writ of mandamus will not lie.

■ Even if all this be wrong and Rule 355 is applicable to criminal cases, we find nothing in this record to show that the relator ever gave notice to the State or opposing party as required by § (b) of said Rule 355. Without such notice, § (e), stating the affidavit is to be taken as true if no contest is filed, had no application in absence of such notice and the judge, even under Rule 355, had not lost his right to have a hearing. No mere ministerial act was thus involved, and here again, the application for writ of mandamus will not lie even if Rule 355 was involved.

We hold that Article 40.09, § 5, supra, controls as to the procedure to be followed when an affidavit of indigency to acquire a transcription of the court reporter's notes is filed.

The relief requested is denied.

DALLY, Judge, dissenting.

The majority incorrectly says: "Obviously there is a conflict between Rule 355 and Art. 40.09, Sec. 5, V.A.C.C.P." Art. 40.09, Sec. 5, V.A.C.C.P. and Rule 355 of the Rules of Civil Procedure dovetail and when construed together as they should be, Arts. 38.02 and 40.10, V.A.C.C.P., provide a salutary procedure which in many instances would make unnecessary the time–consuming hearing of the testimony of witnesses. That, of course, is the wisdom which caused this Rule of Civil Procedure to be promulgated. We should recognize and embrace this wisdom rather than saying there is an obvious conflict between the rules when there is no conflict between them.

The majority says that: "To embrace these statutes and said rule would only roll us backward to dangerous shallows and shoals of Point Zamora." This is not correct. If there is a real controversy and the State does its duty and contests a defendant's affidavit the court should then hear the testimony and decide the issue, but when there is no real controversy and the State does not contest the defendant's affidavit the court should not waste its time and that of others in deciding the issue.

I dissent to the manner in which the majority construes Art. 40.09, Sec. 5, V.A.C.C.P. and Rule 355 of the Rules of Civil Procedure.

ROBERTS, PHILLIPS and CLINTON, JJ., join in this dissent.